### PRESLEY v. THE STATE.

BECK, J.   1. An accusation in a city court charging one with the offense of violating the provisions of the act approved August 15, 1903 (Acts 1903, p. 90), which fails to set forth in substance a contract definite and certain as to its terms and duration, is subject to demurrer on the ground that "There are no facts showing any valid contract between the [prosecutor] and defendant, nor consideration nor duration of said contract." *Wilson* v. *State,* 124 *Ga.* 22.

2. "Such accusation being fatally defective, and the trial court having erred in overruling the special demurrer thereto, the Supreme Court will not, in such a case, pass on the constitutionality of the act of the General Assembly upon which the accusation was based." *Oglesby* v. *State*, 123 *Ga.* 506, and cit. *Judgment reversed. All the Justices concur.*

Submitted November 21,—Decided December 21, 1905.

Accusation of misdemeanor. Before Judge Park. City court of Sylvester. October 20, 1905.

The accusation charged Ed. Presley "with the offense of misdemeanor, that he should be deemed and is a common cheat and swindler, for that the said Ed. Presley, on the 8th day of September, in the year nineteen hundred and five, in the county aforesaid, did then and there unlawfully and with force and arms contract with Cook & Jackson, a firm composed of I. Cook and E. B. Jackson, to perform certain services, to wit, turpentine work including all such work as might be found necessary or to be done in the operation of a turpentine distillery, gathering the crude gum from the trees and all other such work about a distillery, with the intent to procure, and did thereby procure, the following articles of the value designated, to wit, cash money to the amount of twenty-five dollars and ninety-five cents, of and from the said Cook & Jackson, I. Cook and E. B. Jackson as aforesaid, with the intent not to perform the said service contracted for, and did fail to perform the service so contracted for, and did fail to return the articles so advanced, or the amount and value thereof, with interest thereon, at the time said labor was to be performed, without good and sufficient cause, thereby causing the said hirer, Cook & Jackson as aforesaid, loss and damage to the amount and value of the said articles so procured and advanced to him; and did, in the manner aforesaid, cheat and swindle the said Cook & Jackson as aforesaid, to the amount and value aforesaid, contrary to the laws of said State," etc.

The accused demurred to the accusation, on the ground stated in the first headnote, and on other grounds, one of which was that the act of August 15, 1903, on which the accusation was based, is unconstitutional, for various reasons stated. The demurrer was overruled, and, after conviction, the accused excepted to the overruling of the demurrer and of his motion for a new trial.

*Payton & Hay,* for plaintiff in error.

*J. H. Tipton, solicitor,* contra.