### WATSON *v.* THE STATE.

LUMPKIN, J. Where an accusation based on the act of 1903 (Acts 1903, p. 90) alleged that the accused contracted with the prosecutor to perform certain services as a farm laborer, and to ditch for the prosecutor, with intent to procure from him money and other things of value, and not to perform the services so contracted for, and that without good and sufficient cause the accused failed and refused either to perform said services or to return the money advanced, to the damage of the prosecutor in the sum named; and that after so contracting he procured advances in a named amount, with intent not to perform the services so contracted for, and without good and sufficient cause failed and refused either to do so or to return the money so advanced, to the loss and damage of the prosecutor in that amount, such accusation was fatally defective in that it did not allege when the services were to commence, or for what time they were to continue, or that the prosecutor contracted

and agreed to pay any amount whatever to the defendant for such services so to be rendered. A judgment based on a verdict of guilty on such an accusation should have been arrested on motion. *Presley* v. *State,* ante, 446.            *Judgment reversed. All the Justices concur..*

Submitted November 21,—Decided December 21, 1905.

Accusation of misdemeanor. Before Judge Crisp. City court of Americus. September 26, 1905.

Aaron Watson was arraigned on an accusation based on the act of 1903 (Acts of 1903, p. 90). It alleged that the accused, "having contracted with said M. E. Morgan to perform for him certain services, to wit services as a farm laborer, and to ditch for said M. E. Morgan, with intent to procure from him money and other things of value, and not to perform the services so contracted for, did without good and sufficient cause fail and refuse either to perform said services or to return the money so advanced, to the loss and damage of said M. E. Morgan in the sum of $12.75; and after having so contracted did thereby procure from said M. E. Morgan $12.75 in cash, of the value of $12.75, with intent then and there not to perform the services so contracted for, and did then and there, without good and sufficient cause, fail and refuse either to perform said services or to return the money so advanced, to the loss and damage of said M. E. Morgan in the sum of $12.75." After conviction he made a motion in arrest of judgment, on the ground, among others, that the warrant and accusation failed to allege any time when the service was to commence, what length of time it was to continue, or that the prosecutor at the time contracted and agreed to pay any amount whatever for such service so to be rendered. He excepted to the overruling of this motion, and also to the overruling of his motion for a new trial.

*Williams & Harper,* for plaintiff in error.
*Allen Fort Jr., solicitor,* contra.