### 321.　MOSELY *v.* THE STATE.

No error of law was committed, and the evidence fully warranted the verdict.

Accusation of cheating and swindling, from city court of Americus—Judge Crisp. April 5, 1907.

Submitted May 27,—Decided June 20,. 1907.

*W. M. Harper.* for plaintiff in error.

*Zach. Childers, solicitor,* contra.

HILL, C. J. The defendant was convicted of a violation of what is known as the "labor contract act" -of 1903. By consent, he was tried by the court without the intervention of a jury. He filed a motion for a new trial, which being refused, he brought the case to this court.

The following is a substantial statement of the evidence: The accused worked for the prosecutor during the year 1906. In the fall of 1906 he asked the prosecutor for $15, who replied that he already owed him so much money which he had advanced to him during the year 1906, and that he would not be able to work it. out under his contract for that year. The prosecutor told the accused that he would advance him the $15, if he would agree to work for him for such time during the year 1907, commencing January 1, 1907, as it would require to work out the sum of $62 at $11 per month, said sum of $62 including the sum of $15 then advanced, and the balance of the $62 was money the accused then owed the prosecutor, and which had been advanced to the accused by the prosecutor during the year 1906 under the contract of 1906. The accused agreed to these terms, and the prosecutor then and there advanced to the accused the $15 on the faith of such contract. The accused worked for the

prosecutor on his farm the 1st day of January, 1907, and on that day drew his rations for a week, but left after that day and did not do any more work for the prosecutor, and did not return the $15 so advanced. The prosecutor advanced the $15 to the accused by giving him a check for $15 on the Planters' Bank of Americus. The failure to work for the prosecutor according to the agreement damaged him to the amount of $15 so advanced on the faith of the agreement, and the prosecutor knew of no good or sufficient cause for the failure to perform the service so contracted for. The accused in his statement admitted every fact testified to by the prosecutor, except the contract for 1907. He denied that he made such contract.

It is insisted by the plaintiff in error that the contract proved by the prosecutor is too indefinite and uncertain as to duration to support the accusation; and *McCoy* v. *State,* 124 *Ga.* 218, 52 S. E. 434, *Presley* v. *State,* 124 *Ga.* 446, 52 S. E. 750, and *Watson* v. *State,* 124 *Ga.* 454, 52 S. E. 751, are cited and relied upon. In these cases and in *Glenn* v. *State,* 123 *Ga.* 585, 51 S. E. 605, it was held that before a lawful conviction could be had for a violation of the act of 1903 there must be proof of a distinct and definite contract for service. In the *McCoy* case the proof was that the accused got the money before he made the contract to perform the service. Ten dollars was advanced on the statement of the accused that he would return some time after Christmas and work for the prosecutor. At what time after Christmas he was to come back and work for the prosecutor was not stated. How long he was to work, how he was to work, whether by the day, week, month, or year, or whether he was to be paid according to the amount of work he should do, or what compensation he was to receive, was all left to conjecture. In the *Presley* case the headnote is that an accusation for a violation of this act, "which fails to set forth in substance a contract definite and certain as to its terms and duration, is subject to demurrer." In the *Watson* case the same ruling was made. Applying the law as declared in these cases to the case now under consideration, it will be seen they do not support the contention of the plaintiff in error, but, on the contrary, the facts here measure fully up to the requirements of the law as laid down by the Supreme Court. Here there was a definite and distinct contract. The time when service un-

der the contract was to begin was definitely stated as January 1, 1907. The duration of the contract was definitely fixed by the words "beginning to work January 1, 1907, and to continue work thereafter until the $62 has been worked out at $11 per month;" and the amount of compensation was to be $11 per month during the period of the contract. It did not make any difference that a part of this compensation was the payment of a debt which the accused owed the prosecutor for advances made during the year 1906. In addition to the payment of this debt by his labor, the accused procured $15 in money from the prosecutor on his contemporaneous contract of service. If there had been nothing but the agreement to pay an existing debt due his employer, by rendering to him future service, and a failure to perform such service or to pay the debt, the offense as defined in the act of 1906 would not have been committed; but money was procured on a contract to perform services therefor. These facts constitute a violation of this act. *Bridges* v. *State,* 126 *Ga.* 91, 54 S. E. 916.

It is insisted in the next place that there was no proof that the accused in failing to perform the services or return the money did so "without good and sufficient cause." Unquestionably this fact is one of the material elements of the offense which the State must prove. *Johnson* v. *State,* 125 *Ga.* 243, 54 S. E. 184. This fact must usually be shown by the circumstances of the case. It is difficult to prove the negative by direct testimony. The prosecutor testified that he knew of no good and sufficient cause for the failure of the accused to perform his contract. The evidence showed that the accused quit work for the prosecutor after the first day, and went to work for another employer, to whom he had previously hired. If he could perform labor for another, it is fairly inferable that he could have performed his contract with the prosecutor.

This conviction is doubtful on the essential point as to the existence of the criminal intent at the time the money was obtained by the defendant. The money was obtained some time in the fall of 1906, under contract to work for 1907. This seems rather long for the incubation of the criminal intent, and it might be that such intent was formed subsequently to the time of procuring the money. However, since this point is not made in the brief or argument, we must assume that this question of criminal intent

was fairly and fully considered by the court acting as the jury; and we will not disturb the finding.     *Judgment affirmed.*