## 631.  HARWELL, alias ISAAC, *v.* THE STATE.

1. The presumption of fraudulent intent, arising under the labor-contract law of 1903 (Acts of 1903, p. 90), as to one who obtains advances on the faith of his contract for services to be performed at a future time, and who does not enter upon such service, is not rebutted by repayment of the advance, unless such payment be made on or before the date fixed by the contract for the commencement of such labor or service.
2. A charge not applicable to the evidence, or without evidence to support it, is erroneous.
3. Under the decision of the Supreme Court in *Howard* v. *State,* 126 *Ga.* 538 (55 S. E. 239), the court should have charged the jury that if it appeared, from the evidence, that the accused was a minor, and that the failure on his part to perform the services required under the contract was due to parental interference and control, the presumption of

fraudulent intent, arising from the fact that the money was procured on the faith of the contract and the service not rendered or the money returned, would be rebutted, and the defendant could not be convicted. The failure to so instruct the jury requires the grant of a new trial.

Accusation of misdemeanor, from city court of Monticello. Judge Thurman. June 17, 1907.

Submitted October 7,—Decided October 14, 1907.

*A. Y. Clement,* for plaintiff in error.

*Doyle Campbell, solicitor,* contra.

RUSSELL, J. The defendant was indicted for the offense of cheating and swindling by procuring $20 from one M. Benton, by means of a contract with said Benton to work as a farm laborer, this sum, as alleged, having been fraudulently procured after the contract. Before trial the defendant demurred to the indictment, both generally and specially. The court overruled the demurrer, and exceptions were taken pendente lite. The grounds of the demurrer were as follows: "(1) Because said indictment, in the matters therein contained, is insufficient in law, and he ought not to be required to answer same. (2) Because the allegations in said indictment are too vague, indefinite, and uncertain. (3) Because said indictment, in the averments therein contained, does not charge any offense under the law. (4) Demurring specially, defendant says it appears from the face of said indictment that the time has not expired in which said service was to be performed, and that under the statute he has the right and privilege of returning the money, with interest thereon, at any time before the expiration of the year 1907; and that it can not be legally presumed that he will not return the money, with interest thereon, before the expiration of said period; and for this reason said indictment is premature and invalid. (5) Specially, because said indictment does not allege that said contract was in writing; nor does it allege that defendant was contracted with as an 'overseer,' but negatives that implication by alleging that he was 'to work as a farm laborer for one year, beginning January 1, 1907;' said indictment shows upon its face that the alleged contract was void, illegal, contrary to public policy and the statute of frauds, and was not binding, for the reason that it appears that said contract was not to be performed within one year from the making thereof, and that said contract

was made December 28, 1906, and that the term of service was for 'one year, beginning January 1, 1907.' Defendant says that the said indictment shows that the alleged contract was not to be performed within one year from the making thereof. It is essential to the validity of said indictment that it show that the alleged contract was in writing, or that the alleged contract was made with defendant as overseer; and in the absence of both of these essential averments, it is apparent that the alleged contract was void and illegal, and therefore said indictment is invalid and sets forth no offense against defendant. (6). Specially, because said indictment is fatally defective in that it fails to allege when said service is to be performed, or within what particular period it was to be performed; it should allege not only when said service was to begin, but when it was to end." Upon the trial the defendant was convicted. He made a motion for a new trial, and now excepts to the order overruling his motion. In addition to the general grounds, it is insisted, (4) that the court erred in admitting the alleged written contract between the defendant and the prosecutor, which was as follows:

"Monticello, Ga., 12/27, 1906. I, Ernest Harwell, of Jasper county, formerly of Morgan county, Ga., in consideration of $20.-00, advanced to me by M. Benton, of Jasper county, Ga., do contract and agree to work for the said M. Benton for the year 1907, do any and all kinds of farm work that may be required of me by the said M. Benton or his agent. M. Benton agrees to pay the said Ernest Harwell $10.00 per month and ½ of every Saturday. Ernest Harwell agrees to work Saturday evening when called on, and is to receive 25 cents extra for said extra work. Isaah Byrd signs the above contract for security for the $20.00 advanced.

"Witness to contract:          [Signed] Ernest Harwell.
          his                                    his
Isaah x Byrd.                      Isaah x Byrd.
     mark                                  mark
                                     M. Benton."

In the 5th ground it is insisted that the court erred in permitting the solicitor to ask the witness Allie Isaac, over defendant's objection that the questions and answers were irrelevant, immaterial, and inadmissible, "How old are you? How old were you when you married? How long had you been married when the

defendant was born?" In the 6th ground of the motion it is alleged that the judge erred in charging the jury as follows: "If you believe, from the evidence, that defendant had a good and sufficient reason for not performing the services or returning the money advanced under said contract, if you find there was a contract, then you would be authorized to acquit him; but if you believe, from the evidence or the statement of the accused, that he entered into said contract with the intent of procuring the money and not performing the service, and that he did not have a good and bona fide reason for non-performance, and that the reason he offers is a mere excuse for the purpose of escaping punishment, then you would be authorized to convict." The 7th and 8th grounds complain of refusals of the judge to charge in accordance with certain requests submitted by defendant's counsel. The 9th ground insists that the court eliminated from the jury, as an element of good faith on the part of the defendant and as a defense, the evidence that the defendant gave a security on the contract, by an additional charge delivered to the jury after they had started to the jury-room to consider their verdict; and it is insisted that the additional charge, at the time and under the circumstances and in the manner given, was hurtful to defendant. The 10th ground of the motion insists that the judge erred in charging the jury that if the defendant made a false representation as to his age, this fact might be looked to by the jury in ascertaining the intention of the defendant at the time. The 11th ground of the motion assigns error in that the judge failed to instruct the jury upon the subject of circumstantial evidence.

It is unnecessary to rehearse the evidence. The evidence in behalf of the State was sufficient to authorize the verdict of guilty, and there was no error in overruling the motion for new trial, unless the rulings and instructions complained of were, for the reasons assigned, erroneous.

We think the court properly overruled the demurrer. It is necessary for the period of time in which the money may be returned to have expired, in order for the legal presumption to arise that the defendant intended to defraud, or that he does not intend to return the money advanced with interest thereon. But the time for repayment expires when he should begin his service and fails to do so. The contract referred to in the act of 1903 is not one

for the repayment of money, but to perform service. Nor was the indictment demurrable on the ground of the statute of frauds, in that it appeared that the contract was made December 28, 1906, and the term of service was for one year, beginning January 1, 1907. It was unnecessary to state in the indictment that the contract was in writing. It would be presumed to be in writing, unless the contrary appeared. And by the language used in the indictment,—"did contract with one M. Benton," and, "after having so contracted, procured," etc. (applying the language of the act),—it could only be understood that the contract was in writing. Nor was the indictment demurrable on the ground that it failed to allege when the service was to be performed. It is undoubtedly true that indictments brought under this act must allege when the service was to be performed, or within what particular period it was to be performed, but there was nothing vague or doubtful in the statement of the indictment that the service was for the period of "one year, beginning January 1, 1907." This would necessarily mean from January 1, 1907, to December 31, 1907, inclusive.

Our ruling on the 5th ground of the demurrer disposes of the 4th ground of the motion for a new trial. If the language of the act requires that the word "contract" be considered as referring to a writing, then not only was there no error in admitting the writing to which objection was made in the 4th ground, but the State's case would have failed unless the contents of the contract had been proved; and the writing itself is the best proof of what it contains. The fact that Isaiah Byrd was security on the contract and that the contract showed a credit indorsed thereon would not affect the admissibility of the evidence as showing a contract to have been made between the defendant and the prosecutor. It might affect the result of the trial.

We find no error in the charge complained of in the 6th ground. The objection made to it was that it intimated an opinion that the reason offered by the defendant for non-performance was not a good and bona fide reason, and tended to discredit the defense set up by the defendant. It is plain that all that the judge said as to the defense being a mere excuse for the purpose of escaping punishment, or as to its not being a good and bona fide reason

for not performing the contract, is qualified, limited, and controlled by the words, "if you believe from the evidence."

The charge requested in the 7th ground is a correct presentation of principles applicable to the cause on trial, and should have been presented to the jury. But the judge is not required to present the charge in the verbiage or connection of the request. His instruction to the jury upon each of the subjects contained in the request being clear, full, and explicit, there was no error in not presenting the request in its exact language.

The judge properly refused to charge that "if the jury believe from the evidence that M. Benton took Isaiah Byrd as security on said contract, and that he looked to Isaiah Byrd for the payment of the money in the event the defendant failed and refused to do so, you could not legally convict the defendant." As remarked before, the purpose of the contract was to perform service. It would be immaterial whether the money were paid back or not, if the service were performed. If the service was not performed, it would still be immaterial, if it were apparent that the defendant intended, at the time of procuring the money, not to perform the service, unless in fact the money was returned before prosecution. Certainly it does not follow that because the prosecutor took security for money advanced to the defendant on the faith and representation of the defendant to do certain work, the defendant could not have had the intention to cheat and swindle the prosecutor by not working, as he contracted to do. It is possible that he might have intended both to cause the security to lose the money and the prosecutor the labor.

The fact that Isaiah Byrd was security for the payment of the advancement is immaterial, as we have just remarked, if the defendant did not intend to perform the service he had contracted to perform. Isaiah Byrd was security only for the repayment of the advancement. For this reason, there was no error in the charge complained of in the 9th ground of the motion for a new trial. The charge excepted to is not, for any reason, erroneous. The fact that the judge recalled the jury after they had started to retire to the jury room is not a circumstance of prejudice to the defendant. The judge had not instructed them one way or the other as to the fact of Isaiah Byrd's being security. It was

proper that they should be instructed as to this contention, and they were properly instructed after they were recalled.

In the 10th ground of the motion it is insisted that the judge erred in charging the jury that "if they believe the defendant stated to M. Benton, the prosecutor, at the time said contract was made, that he was twenty-one years of age and that he was not twenty-one in fact, said false representation as to his age might be looked to by the jury in ascertaining the intent of the defendant at the time." Upon examination of the record, we find that this instruction was unauthorized by the evidence. Both Benton and Byrd testified that the defendant said that he was not twenty-one, at the time the contract was made. The charge contains no intimation of opinion on the part of the judge as to any portion of the evidence; but, because it presents a theory not authorized by the evidence, it is reversible error.

As held by this court in the case of *Riley* v. *State*, 1 *Ga. App.* 651, where a conviction depends solely upon circumstantial evidence, the jury should be instructed that the proof offered must not only be consistent with the guilt of the accused, but must exclude every other reasonable hypothesis. In this case the guilt of the defendant was dependent entirely upon the intent to defraud, existent at the time he obtained the advancement. This intent, or the lack of such intent, could only be determined by circumstances; so, in its essence, the case depended entirely upon circumstantial evidence. The rule of law above stated was absolutely pertinent; and the jury should have been instructed with reference thereto, even in the absence of a request.

Our judgment is controlled by the decision in *Howard* v. *State*, 126 *Ga.* 538 (55 S. E. 239). The trial judge in this case entertained the correct view of the law embodied in the act of 1903 (Ga. Laws of 1903. p. 90), as to all of the matters with regard to which complaint is made, but, under the decision above cited, he should have presented to the jury the defendant's defense that he was prevented from performing his contract of labor, on account of his minority and the parental control of his mother; and should have instructed the jury that if they believed that the accused was a minor, and that his failure to perform his contract was due to the mandate of his mother, the presumption of fraudulent intent would be rebutted, and they would be authorized to acquit the defendant.       *Judgment reversed.*