## 1091.   ORR v. HARDIN.

1. The act of December 17, 1901 (Acts 1901, p. 63), as amended by the act of August 7, 1903 (Acts 1903, p. 91), in relation to the hiring of the tenants, croppers, or farm laborers of another, is penal and drastic in its nature, and, being in derogation of the common law, is to be strictly construed.

2. The plaintiff in an action brought under the statute above referred to must allege and prove, in order to authorize a recovery, that he had, with the alleged laborer, tenant, or cropper, a valid, perfect contract, executed with the formality prescribed by the statute as amended. The plaintiff in this case having failed to show such a contract, the verdict for the defendant was demanded; and this result having been reached, errors alleged to have been committed in the progress of the trial are immaterial and can not work a reversal of the judgment.

Action for damages, from city court of Washington—Judge Hardeman.   March 9, 1908.

Submitted May 6,—Decided May 18, 1908.

. *I. T. Irvin Jr.,* for plaintiff in error.

*William Wynne, F. H. Colley,* contra.

POWELL, J.   1. The act of December 17, 1901 (Acts 1901, p. 63), as amended by the act of August 7, 1903 (Acts 1903, p. 91), prescribing penalties against any person who shall employ the tenant, cropper, or farm laborer of another, has been held by our Supreme Court to be "exceedingly drastic," penal in its nature, and in derogation of the common law; and is to be strictly construed. *Polk* v. *Thomason,* 130 *Ga.* 542 (61 S. E. 123).   Indeed, we can conceive of reasons why, if its constitutionality can be sustained at all, a very strict construction will be necessary, to uphold it against constitutional objections.

2.   Under the statute above referred to, its provisions are applicable "when the relation of employer and employee, or landlord and tenant of agricultural lands, or of landowner and cropper, has been created by written contract, or by parol contract partly performed, made in the presence of one or more witnesses." A plaintiff in a suit under this statute must therefore show, as an indispensable prerequisite to a recovery, a valid contract created with the formality prescribed. *Polk* v. *Thomason,* supra.   In this case the only contract shown by the plaintiff was a writing in the following language: "December 4/5.   Know all men by these presents that A. J. Orr and Jack Acree do make and confirm the

following contract, to wit: A. J. Orr agrees to furnish about 25 acres of land on the Lind place and the house that Jack Acree now occupies; furnish mule, feed for mule, 1/2 planting seed, 1/2 part plows, hoes, stock, and Jack Acree to furnish and feed all labor, 1/2 weeding hoes, and all crops are to be equally divided between us. A. J. Orr, Jack Acree. [Witness] A. H. Wynne." It will be seen that this contract does not specify the year in which the contract is to be performed, or any time when it is to begin or end; nor does it definitely describe the land as to which the relation of tenant and cropper is to arise. The reference to 25 acres of land on the Lind place, especially in the absence of a showing that the Lind place contained only that amount of land, is too indefinite to meet legal requirements as to certainty. A similar construction to this has been given, in a long line of decisions by this court and by the Supreme Court, to the statute approved August 15, 1903 (Georgia Laws 1903, p. 90), on a cognate subject. Both acts being penal in nature, rulings upon one seem to be especially applicable to the other. A contract such as the one set out above has been held to be insufficient as a basis of prosecution under the act last mentioned, in the following cases, besides others: *Glenn* v. *State,* 123 *Ga.* 585 (51 S. E. 605); *McCoy* v. *State,* 124 *Ga.* 218 (52 S. E. 234); *Presley* v. *State,* 124 *Ga.* 446 (52 S. E. 750); *Watson* v. *State,* 124 *Ga.* 454 (52 S. E. 751); *Mosely* v. *State,* 2 *Ga. App.* 189 (58 S. E. 298). The deficiency pointed out being such as absolutely to prevent a recovery by the plaintiff, the judgment rendered was demanded, and therefore any errors alleged to have been committed during the progress of the trial are immaterial.    *Judgment affirmed.*