## 1381.  STARLING *v.* THE STATE.

1. The motion to dismiss the writ of error is wholly without merit.
2. Parol evidence of the contents of a written contract is inadmissible, where it plainly appears that the writing itself is accessible.
3. A written contract can not be abrogated by one of the parties without the assent of the other.
4. The contract mentioned in the labor-contract act of 1903 (Acts of 1903, p. 90) must be definite and unambiguous as to the time when the laborer's term of service is to begin and end. A contract in which it is stipulated that the employee is "to work a month" with the employer, but without any agreement as to when the month is to begin or end, is too vague and indefinite to be the basis of a criminal prosecution; for the reason that the time may not have been reached for the contract to begin, and the employee may still have the right to repay the advances obtained by him.

Accusation of cheating, etc., from city court of Leesburg—Judge Long. August 26, 1908.

Submitted October 8,—Decided November 10, 1908.

*Howell B. Simmons,* for plaintiff in error.

*W. G. Martin, solicitor,* contra.

RUSSELL, J.   A motion is made to dismiss this writ of error. This motion is based upon four grounds, as follows: "1st.   Because said writ of error is not entitled in the cause or court.   2d. Because the certificate to the bill of exceptions of the trial judge does not specify, as material to a clear understanding of the errors complained of, the whole or any part of the record of said case in the trial court.   3d.   Because there is nothing in the assignment of error or bill of exceptions to show that the trial court ever passed sentence upon the defendant, reference being merely made to a 'verdict of guilty and judgment,' and it does not disclose the nature of this judgment.   4th.   Because the assignments of error are too general to entitle them to the consideration of this court, in that none of them specify wherein the error consists."

An inspection of the bill of exceptions shows that it is sufficiently entitled in the cause, because it states that the trial had (of which it proceeds to give a history) was that of the State *v.* Dolphus Starling.   It is not usual, nor is it ordinarily necessary, to otherwise entitle a bill of exceptions than to state, in beginning the bill of exceptions, the names of the parties to the cause.   The certificate to this bill of exceptions is in the usual form, prescribed by the code.   In the bill of exceptions in a criminal case reference to the sentence is immaterial, and it is not necessary that it should appear that the defendant has been sentenced, where no error is assigned upon the sentence.   An exception to the judgment overruling the motion for new trial is sufficient which assigns error upon that judgment.   Upon every ground presented, the motion to dismiss the writ of error is without merit.

Starling was convicted of a violation of the labor-contract act of 1903 (Acts of 1903, p. 90).   According to the evidence, the defendant procured money from the prosecutor, upon a contract to *work a month with him.*   The exact language of the prosecutor is as follows: "The last week in April I made a contract with Adolphus Starling to work a month with me and I would pay him $12 per month in rations, and I advanced him at the time $3 and the supplies charged in the accusation."   This is the only evidence the record contains as to the contents of the contract.   This contract was too indefinite to authorize a conviction under the act

of 1903. When was the month's work to be done? Was it to be immediate, beginning the last week in April, or was it to commence on the first Monday in May, or upon the first day of May, or was it to be in the fall of the year, in gathering the crops? Was it to be performed on a farm, in a manufactory, at a sawmill, or around a turpentine still, or was Adolphus Starling to be a mere domestic servant? The evidence does not disclose. Furthermore, it appears, from the evidence upon the cross-examination of the prosecutor, that there was already a contract in writing between the defendant and the prosecutor, which the prosecutor says *he* set aside; and it appears that the defendant had been working for the prosecutor about eighteen months, at the time he left. In view of the fact that a contract must be set aside (just as it is made) by the consent, either express or implied, of both parties thereto, it can not be established that the written contract was set aside by the mere statement of the prosecutor that "I set aside the first contract." There is no evidence that the defendant consented to the abrogation of the contract. It is clear, therefore, from the evidence, that the *written* contract, whatever it contained, was of full force. It also appears that this contract was in the prosecutor's safe; and, for this reason, the objection of defendant's counsel to parol proof of the contents of this writing was well taken, and should have been sustained. We think the court erred in refusing a new trial. The contract referred to in the act of 1903, whether it be in writing or rests in parol, must be a definite and unambiguous agreement as to the kind of labor to be performed and when the term of service is to begin and end. In the absence of proof upon the point of the commencement of the labor, or of a definite agreement as to when service is to begin, a defendant would be precluded from showing that he had made a bona fide tender to repay the advance before the time specified in the contract as the time at which his term of service should begin. Under our ruling in *Harwell* v. *State*, 2 *Ga. App.* 613 (58 S. E. 1111), in order for him to avail himself of the provisions of the act of 1903, in reference to repaying advances, such payment must be made before the time set for the beginning of the work. Naturally, if one who had received an advance offered to repay it and the tender was declined, a legal tender thus made would be equivalent to payment. And in the present case it is possible that the

month in which the defendant is to work has not yet been reached; and if it has not, he still has the right to repay the advance and be free from any criminal liability under the act of 1903. It is held in *Glenn* v. *State*, 123 *Ga.* 585 (51 S. E. 605), and *Presley* v. *State*, 124 *Ga.* 446 (52 S. E. 750), that there must be a distinct and definite contract for service. "An implied contract will not do; . . . there must be an express contract, clear and definite in its terms." The facts in the present case are very similar to those in *McCoy* v. *State*, 124 *Ga.* 218 (52 S. E. 434). The expression in the evidence in that case, that the defendant was to come back to work after Christmas (which the Supreme Court held was too indefinite), is certainly as clear and definite as the statement that the defendant in this case was "to work a month" for the prosecutor, at some time, not identified, which might occur between now and the day of judgment.

*Judgment reversed.*