### 1460. JAMES *v.* THE STATE.

1. The decision in this case is controlled by that in *Starling* v. *State*, ante, 171 (62 S. E. 993). The demurrer to the indictment, which failed to allege a definite contract, in that no time˙was specified when the term of service was to begin or end, should have been sustained. The allegation that the defendant contracted to work as a farm laborer for ten days, at 50 cents per day wages and his food, is (as expressed in *Starling* v. *State*, supra) too vague and indefinite to set forth a definite and unambiguous contract within the terms of the act of 1903 (Acts 1903, p. 90).

Accusation of misdemeanor, from city court of Monticello— Judge Thurman. October 21, 1908.

Submitted November 23,—Decided December 22, 1908.

*W. S. Florence, B. F. Leverette,* for plaintiff in error.

*Doyle Campbell, solicitor,* contra.

RUSSELL, J. West James was indicted for the offense of misdemeanor. The offense attempted to be charged was a violation of the labor-contract law of 1903 (Acts of 1903, p. 90). The indictment alleges, "that the said West James did, on the 15th day of July, 1908, in the county aforesaid, . . contract with one R. P. Goolsby to perform for him certain services, to wit, to work as farm laborer for ten days at fifty cents per day wages and food, with intent to procure money and other things of value thereby, to wit $5 in money, and with the intent not to perform the service so contracted for, and did, without good and sufficient cause, fail to return the money so advanced, with interest thereon, and did,. without good and sufficient cause, fail to perform said service so contracted for, whereby loss and damage accrued to said Goolsby in the sum of $5." A second count in the indictment appears to be the printed portion of a blank form of indictment, in

which neither names, dates, nor amounts are supplied, and therefore is mere surplusage. The defendant filed a demurrer, in which he called attention to the fact that the indictment set out no time when the alleged services were to be performed,—that no date was set out when he was to begin the work or when the work was to end,—and for this reason contended that no facts were alleged showing any valid contract, and moved that the indictment be quashed. The court overruled the demurrer, and the case proceeded to trial, but the defendant preserved his objection to the indictment, by exceptions filed pendente lite. After conviction the defendant moved for a new trial, and this motion was overruled. The motion was based upon the general grounds, upon the overruling of the demurrer, and upon the ground that the court erred in ruling that the records of the superior court would not be admissible to show arrest, acquittal, or prosecution of the defendant, as explanatory of his failure to perform his contract; that such proof could be made only by certified copies of the record of the superior court.

Rulings upon demurrers are not proper subject-matter of motions for new trial; and, in the view we entertain of this case, as the demurrer to the indictment should have been sustained and the accusation quashed, a decision upon the court's ruling upon the admissibility of the records of the superior court is not necessary. However, the court's ruling upon that subject was correct. The superior court of Jasper county and the city court of Monticello are legal entities entirely distinct from each other. It is possible for both courts to be in session at the same time. Primary proof of the proceedings of either court must be made by certified copies of the record. The case is not affected by the fact that the case on trial may have been transferred from the superior court to the city court, or that the clerk of both courts is the same individual. The order transferring the case from the superior court to the city court carries with it all of the original papers belonging to the particular case, but it certainly can not be anticipated that in that particular case there may be a need to prove the proceedings had in the superior court in some other and different case.

We think the court erred in not sustaining the timely demurrer, and in not quashing the indictment, and, in view of this error, that all the subsequent proceedings in the case were nugatory. Our de-

cision is controlled by our ruling in *Starling* v. *State,* ante, 171 (62 S. E. 993), in which case the precise point now before us was raised and was so fully discussed that it would be useless to repeat the discussion at this time.   As held in that case, "the contract mentioned in the labor-contract act of 1903 (Acts 1903, p. 90) must be definite and unambiguous as to the time when the laborer's term of service is to begin and end.   A contract in which it is stipulated that the employee is to 'work a month' with the employer, but without any agreement as to when the month is to begin or end, is too vague and indefinite to be the basis of a criminal prosecution, for the reason that the time may not have been reached for the contract to begin, and the employee may still have the right to repay the advances obtained by him."   Nothing better sustains the reasoning upon which we based our decision in the *Starling* case than the facts of the instant case, as disclosed by this record. Waiving the defect in the indictment (as the defendant would have done if he had failed to demur), the prosecutor testified that the ten days which the defendant James agreed to work for him was to be whenever he sent for him, and that he never sent for him nor notified him that he desired him to begin work.   It is true that he testified that he had heard that the defendant was gone, but this hearsay was without probative value, and, upon motion, was properly ruled out.   According to the prosecutor's own statement, the defendant, until the prosecutor sent for him to come and go to work, had an opportunity to return the advance of $5, with interest; and if it was never sent for, the limit of time in which, under our ruling in the *Harwell* case, 2 *Ga. App.* 613 (58 S. E. 1111), the defendant must return the advance not having been reached, the evidence failed to show that the defendant failed and refused to return the advance.   It is useless, however, to review the evidence, because the only difference in the allegation upon the point of the commencement of the contract in this case and that in the *Starling* case is that, under the contract alleged in this case, the defendant was to work ten days, and in the *Starling* case the defendant was to work a month.   The controlling principle as to each is the same.   There must be a definite and unambiguous agreement as to when the term of service is to begin and end.

*Judgment reversed.*