## PEARSON *v.* BASS.

1. The entire act of the General Assembly, approved December 17, 1901 (Acts 1901, p. 63), as amended by the act approved August 2, 1903 (Acts 1903, p. 91), is not rendered repugnant to the constitutional provision that an act shall not contain matter different from that expressed in the title, by the insertion in the body of the act of the words "or to disturb in any way said relation." But so much of the act as is contained in the words just quoted does contain matter different from that expressed in the title, and should be eliminated from the act. After this is done there remains a complete and valid statute, which carries out the legislative intent.

2. The fact that an act provides for a penalty upon one coming within the provisions of the act, and that this penalty may be enforced by civil or criminal procedure, does not render the act itself obnoxious to the constitutional provision that no law shall pass which refers to more than one subject-matter.

3. It being competent for the legislature, in an act making the doing of

certain things unlawful, to provide that the party doing the prohibited things shall be liable to a penalty which might be enforced in civil proceedings, it is competent for that body in the same act to fix the measure of damages.

4. The provision in the act for the making of certain defenses by one charged with a violation of the terms of the act in a suit for damages does not render the act unconstitutional and void on the ground that. the act contains matter different from that expressed in the title.

Submitted June 1, 1908.—Decided February 19, 1909.

The Court of Appeals certified to the Supreme Court that a decision of the following questions, within the purview of the constitutional amendment creating the Court of Appeals, is necessary to the proper determination of the case, to wit:

" 1.   Is the act of the General Asssembly, approved December 17, 1901 (Acts 1901, p. 63), as amended by the act approved August 2, 1903 (Acts 1903, p. 91), as to that portion thereof which appears in section 1, to wit, ' or to disturb in any way said relation,' unconstitutional and void, because it violates article 3, section 7, paragraph 8 (Civil Code, § 5771), of the constitution of this State, in that it contains matter wholly different from that contained in the title, which only prohibits the employment or contracting with a tenant, cropper, or person under contract with another?

"2.   Also, is said act as so amended unconstitutional and void because it violates article 3, section 7, paragraph 8 (Civil Code, § 5771), of the constitution of this State, in that it contains more than one subject-matter, because said act provides for the criminal prosecution of any person who employs or contracts with, as tenant or cropper, any person under contract with another, and also provides that such party shall be liable in damages to said injured party; or in that it contains matter different from what is expressed in the title thereof, on the ground that. the title in no way refers to the following wholly different matter embraced in the body of said act, to wit: 'Section 2.   .   .   he [the violator of the statute] shall be liable in damages to said alleged injured party, as follows:   (1)   In case of employer: and employee, the damages shall not be less than double the. amount of wages or salary for the entire period of said contract. (2)   In case of landlord and tenant, or of landowner and cropper,. the damages shall not be less than double the annual rental.

value of the lands rented or cropped, said value to be fixed at 1,000 pounds of middling lint cotton to the plough;' and also the following wholly different matter, in so far as it applies to suits for damages: 'Section 3. That, in addition to other defenses, the following defenses in both civil and criminal cases arising under the provisions of this act shall be good and sufficient, when proved in every item to the satisfaction of the jury, to wit: 1. For the defendant to show that, prior to the alleged violation of this act, said employee, tenant or cropper, as the case may be, had, for good reason and just cause, abandoned his said contract and terminated the relation created thereby. 2. For the defendant to show as a complete defense all of the following facts, to wit: That, prior to employing or otherwise contracting with said employee, tenant, or cropper, he received from said employee, tenant, or cropper an affidavit to the effect that said employee, tenant, or cropper was not at the time under a prior existing contract, which affidavit defendant shall show to the court, and that immediately on proof that said employee, tenant, or cropper was under contract defendant discharged him, and refused to permit and did not permit him to remain on his (defendant's) premises. Whenever, in a suit for the recovery of damages, the defendant shall urge his defense successfully, he shall have judgment against the plaintiff for all costs and reasonable attorney's fees; and in case of a like result in the prosecution of a criminal case under the provisions of this act, the defendant shall have a like judgment against the prosecutor. Section 4. That the provisions of this act shall not apply where the employment given is of such duration and of such nature as to make it certain that it could not result in injury to the plaintiff or prosecutor.' "

*Perry & Williamson,* for plaintiff in error.

*J. J. Forehand* and *Claude Payton,* contra.

BECK, J. 1. The caption of the act, which is assailed as being unconstitutional, after the amendment contained in the amendatory act of 1903, reads as follows: "An act to make it unlawful for any person to employ or to rent agricultural lands to, or to furnish lands to be cropped by, any person already under contract as the employee, the tenant of agricultural lands, or the cropper of another; to provide certain penalties and defenses,

and for other purposes." In support of the contention that the act contains matter different from that contained in the title, the plaintiff in error specifies the provision in the body of the act which makes it unlawful to "disturb in any way" the relations existing between the employer and the employee, referred to in the caption of the act, whereas the title "only prohibits the employment or contracting with a tenant, cropper, or person under contract with another." Inasmuch as the caption of the act indicates only a legislative intent to forbid interference with the relation existing between a landlord and his tenant or cropper, and with the relation existing between one person and another under contract with him, by employing, or renting agricultural lands to or furnishing lands to be cropped by, any person already under contract as the employee, the tenant of agricultural lands, or the cropper of another, the inclusion in the body of the act of a provision rendering one proved to have been guilty of disturbing those relations "in any way" renders the act broader than the caption. Where the legislative intent as indicated in the caption of an act is evidently to inhibit the doing of either one of two specified acts which would interfere with or disturb certain relations existing between two other persons, it was not competent to broaden and make more comprehensive the scope of the act by introducing into the body of the act a provision rendering unlawful other methods of interfering with such relations in which two persons stood to one another. We do not think, however, that the provision against disturbing "in any other way" than those specified in the caption of the act is so interwoven with the other provision of the act, and that it is such an essential part of the legislative scheme and purpose, that it may not be rejected, leaving the remainder of the act to stand. Touching the constitutional provision under consideration it is said in the case of the *Mayor &c.* v. *State,* 4 *Ga.* 26: "The true interpretation of this clause has become too well settled, by the usage and practice of every department of the State government, to be now disturbed. It is, that so much only of a statute is void as contains matter different from what is expressed in the title. Such has been the uniform construction put upon this provision by the State courts separately, and of the judges in convention." In the present case the unconstitutional provision may be elim-

inated, and there will remain a complete, intelligible, and valid statute, which carries out the legislative intent. See *Lee* 'v. *Tucker,* 130 *Ga.* 43 (60 S. E. 164); People *v.* Briggs, 50 N. Y. 553.

2. Nor does the fact that the act provides for the criminal prosecution of any person who employs, or contracts with as tenant or cropper, any person under contract with another, and also provides that such party shall be liable in damages to the injured party, render the act unconstitutional and void, in that it violates article 3, section 7, paragraph 8 (Civil Code, § 5771), of the constitution of this State. The one consistent general purpose of the act is to make it unlawful for any person to disturb, in any of the ways referred to in the title of the act, the relations existing between parties who have entered into the contractual relations expressed in the title of the act, and, having declared it unlawful to disturb those relations, to provide certain penalties and defenses. The provisions for penalties and defenses were germane to the one general purpose of the act as indicated by the title. Where the doing of certain things is declared by statute to be unlawful, it is competent in the same act to denounce penalties against the doing of that which is prohibited; and the fact that the penalty prescribed may be imposed as a result of either criminal or civil proceedings does not introduce into the act a duality of subjects.

3. That portion of section 2 of the act, which is quoted in the statement of facts and alleged to contain matter different from what is expressed in the title thereof, merely states the measure of damages in case the injured party should elect to proceed on the civil side of the court for damages against the wrong-doer who has brought himself within the inhibitions contained in the act, and defines and fixes the penalties in the event the complaining party recovers in a civil action against one alleged to be a wrong-doer under the terms of the statute. And that portion of the act last referred to is clearly germane to that part of the caption indicating legislation in reference to a penalty for the doing of certain prohibited acts.

4. The caption of the act itself clearly indicating that the act should contain a provision for defenses that might be urged by one proceeded against under the provisions of the statute, the

act is not rendered unconstitutional by the fact that certain defenses were provided in the body of the act. The introduction of those provisions, touching the defenses that might be urged, was merely a performance of the promise contained in the title.

*All the Justices concur.*