### 2071.   RUSHER v. THE STATE.

Under the ruling of the Supreme Court in *Pearson* v. *Bass*, 132 *Ga.* 117 (63 S. E. 798), so much of the statute as penalizes the disturbance of the relations existing between employer and employee, otherwise than is contained in the caption of the act of 1901 (Ac's 1901, p. 63) as amended by the act of 1903 (Acts 1903, p. 91), ¹ .unconstitutional. As held in *Orr* v. *Hardin*, 4 *Ga. App.* 382 (61 S. E. 518), the acts above cited are to be strictly construed.   There being no evidence tend-

ing to show that the defendant entered into any specific contractual relation with the employee of the prosecutor, the evidence was insufficient to support a conviction, and a new trial should' have been granted.

Accusation of misdemeanor, from city court of Washington— Judge Wynne. July 27, 1909.

Submitted October 5,—Decided October 13, 1909.

*J. M. Pitner,* for plaintiff in error.

*R. C. Norman, solicitor,* contra.

RUSSELL, J. John Rusher was charged with a violation of the act making it a misdemeanor to employ, rent lands to, or furnish lands to be cropped by, any person who had previously made a contract with reference to farming, or to disturb in any way this relation after it had been made. (Acts 1901, p. 63; Acts 1903, pp. 91-92.) The issue formed upon the accusation was tried before the judge of the city court of Washington, without a jury. The defendant was adjudged to be guilty. Thereafter a motion for new trial was made; and exception is taken to the judgment overruling that motion.

It appears, from the evidence, that the prosecutor, Smith, hired Tea Rusher, a boy about seventeen years old, from the boy's mother. The contract was in parol, and by its terms the boy was to work for Smith from January 1, 1909, to December 25, 1909, for $80. One half of this amount was to be paid to the mother and the other half to the boy. Nothing was said as to the time for payment,—that is, whether the wages should be paid at the conclusion of the term or at intervals prior thereto, but there was evidence that the prosecutor had paid to the boy and his mother together more than a proportionate part of the $80 which had been earned at the time that the boy quit his employ. As a matter of law, if anything was due the mother upon the contract, it would have been recoverable by suit. The only question in the case is whether the defendant (who appears to be the husband of Tea Rusher's mother, and therefore his stepfather) disturbed the relation of the employer with his employee after the boy had returned to his mother's home. Of course, being only a stepfather, he would not be in any way responsible for the performance of the contract by which Tea Rusher was to labor for Smith, and the mere fact that the mother, although she was the wife of the defendant, may have required her minor son to

leave Smith and return home could not in any sense render the defendant chargeable with such a breach of the contract. In fact he had no legal authority to control the boy's movements,—he was only a stepfather; and if he had not interfered in any way with the boy's actions, no inference could have arisen that he was concerned in severing the relations previously existing; but, according to the testimony of the prosecutor, the defendant told him, in reply to his demand that he send the boy back, that he was going to keep him at his house and work him. Under the ruling in *Orr* v. *Hardin,* 4 *Ga. App.* 382 (61 S. E. 518), the act of 1901 (Acts 1901, p. 63), as amended by the act of 1903 (Acts 1903, p. 91), is to be strictly construed; and under the ruling in *Pearson* v. *Bass,* 132 *Ga.* 117 (63 S. E. 798), so much of these acts as refers to the disturbance of the relations between the employer and the employee in the broad and general term "in any way" is unconstitutional and void. Inasmuch as the evidence fails to disclose that the defendant entered into specific contractual relations with the employee of the prosecutor, the evidence was insufficient to support a conviction, and a new trial should have been granted. The judgment of the learned trial judge was doubtless based upon the inference, which might naturally arise from the fact that the defendant gave the prosecutor's employee work to do and directed him in the work, that this was a disturbance of the relation in a certain way, and inhibited within the broad language of the statute which forbids such disturbances *"in any way."* Under the ruling in *Pearson* v. *Bass,* supra, however, this general characterization which would include all cases is inoperative; and the acts penalized are restricted to those involved in the creation of the relation of employer and employee by a contract of some kind intended to supplant that previously existing between the employer and his former employee. 　　　*Judgment reversed.*