### 3525.   RAWLINGS *v.* SHEPPARD.

POWELL, J.   1. To establish a right to recover under the act of Decem-
ber 17, 1901 (Acts 1901, p. 63), as amended by the act of August 2,
1903 (Acts 1903, p. 91), now contained in the Civil Code (1910),
§§ 3712-15, giving damages to a landlord for wrongful interference by
an outsider with his contract with his tenant, the plaintiff must prove:
(1) a valid, definite contract, duly executed with the formality pre-

scribed in the statute (*Polk* v. *Thomason*, 130 *Ga.* 542 (61 S. E. 123); *Orr* v. *Hardin*, 4 *Ga. App.* 382 (61 S. E. 518)); (2) the fact that the defendant employed the tenant for such a period and in such a manner as that injury resulted to the landlord from the giving of the employment, or that the defendant rented lands to the tenant or furnished him lands to be "cropped;" (3) the amount of the damages, except in so far as the statute fixes them. To prove that the defendant allowed the plaintiff's tenant to move into a house on his place is not sufficient. *Pearson* v. *Bass*, 132 *Ga.* 117 (63 S. E. 798).

2. The plaintiff in the case at bar offered no direct proof that the defendant employed the tenant or rented lands to him, but relied on circumstantial evidence to prove that element of his case. The jurors were authorized to find against the theory of the evidence contended for by the plaintiff, though the defendant offered no proof. A verdict is not necessarily demanded for the plaintiff because he makes such a prima facie case as to make the refusal to grant a nonsuit proper, though the defendant introduces no evidence.                 *Judgment affirmed.*

DECIDED JANUARY 15, 1912.

Action for damages; from city court of Sandersville—Judge Jordan. May 3, 1911.

*Hardwick & Wright,* for plaintiff in error.

*Evans & Evans,* contra.