## 4473.  HOGAN *v.* THE STATE.

An intent to defraud is an essential ingredient of the offense defined in section 715 of the Penal Code. Where, in the trial of an accusation charging such an offense, it appears that the accused executed and delivered to the person advancing the money a mortgage to secure the payment of the debt, a fraudulent intent not to perform a contract of labor, made in consideration of the advancement and not to repay the money, is rebutted. Nor is loss and damage to the party advancing the money sufficiently shown by his mere opinion that several months after the mortgage was given it was worthless, it appearing that he still retained the mortgage, and had never foreclosed or made an effort to collect it, and there being nothing to impeach the good faith of the transaction on the part of the mortgagor, or to indicate that he did not believe the mortgage was sufficient security for the debt.

DECIDED FEBRUARY 4, 1913.

Indictment for cheating and swindling; from Baldwin superior court—Judge J. B. Park.  September 17, 1912.

*Sibley & Sibley,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* contra.

RUSSELL, J.  The courts do not favor the use of criminal process to collect a debt. The accused was a minor. He had been convicted of a misdemeanor, and a fine of $60 imposed. The prosecutor paid this fine upon the promise of the accused to go to work for him as a farm laborer, beginning the first of the year, and receiving a stipulated sum per month. At the time this contract was made, the accused executed a mortgage as security for repayment of the money advanced by the prosecutor. The accused never performed any of the labor as stipulated in his contract, and has never repaid the money. He was prosecuted for cheating and swindling, under the "labor contract act" (Penal Code, § 715). The prosecutor testified, that he had the mortgage in his possession, had never foreclosed it, had made no effort to collect it, and that it was worthless. If he advanced the money solely upon the faith of the contract to labor, we fail to understand why he took the mortgage. On the other hand, if he relied upon the mortgage as security for the debt, the relationship of debtor and creditor existed between the parties, and the failure of the accused to perform his contract of labor or to repay the money was not a crime. See, in this connection, *Fuller* v. *State, 2 Ga. App.* 696 (59 S. E. 1). The prosecutor's statement at the trial, that the mortgage was worthless, was a mere opinion on his part. He had never

foreclosed it or made any effort to collect it. There is nothing in the evidence to impeach the good faith of the transaction, so far as the accused is concerned. And if he executed the mortgage to secure the payment of this debt in good faith, this would negative any intent on his part to defraud the prosecutor. We do not mean to hold, of course, that, if the accused had knowingly executed a mortgage on property which he did not own, or had executed a mortgage which he knew, or had reason to know, was worthless, he could not be convicted. But the burden was on the State to prove the fraudulent intent which is an essential ingredient in the case, and it failed to do so in this case.

The case of *Harwell* v. *State, 2 Ga. App.* 613 (58 S. E. 1111), relied upon by the solicitor-general, is not in point. In that case the accused gave a note indorsed by a third person, for the money advanced, and the court held that, inasmuch as the accused was insolvent, he may have intended to defraud the prosecutor and the indorser. That is very different from a case where one in good faith executes a mortgage on personal property owned by him, to secure a debt. The conviction was not authorized by the evidence, and the trial judge should have so held.     *Judgment reversed.*