### 4817. JACKSON *v.* THE STATE.

HILL, C. J. The uncontroverted evidence showing that the accused was a minor, and that his failure to perform the services stipulated in his contract was due to the fact that his father, who under the law was entitled to his services, had hired him for the same period to another person, his conviction of a violation of the "labor contract law" of 1903 (Penal Code, § 715) was unauthorized. *Harwell* v. *State,* 2 *Ga. App.* 613 (58 S. E. 1111); *Howard* v. *State,* 126 *Ga.* 538 (55 S. E. 239).

*Judgment reversed.*

DECIDED MAY 6, 1913.

Accusation of cheating and swindling; from city court of Sparta —Judge Moore. March 8, 1913.

*T. L. Reese,* for plaintiff in error.

*R. L. Merritt, solicitor,* contra.

---

### 4826. TAYLOR *v.* TOWN OF OMEGA.

RUSSELL, J. In order for this court to review the refusal of a judge of the superior court to sanction a petition for certiorari, the petition must be incorporated in the bill of exceptions, or be verified as a part thereof by the trial judge; an unsanctioned petition can not be specified as a part of the record. *Central Ry. Co.* v. *Whitehead,* 105 *Ga.* 492 (30 S. E. 814), and cit.; *Evans* v. *Bloodworth,* 105 *Ga.* 835 (31 S. E. 778); *Anthony* v. *State,* 112 *Ga.* 751 (38 S. E. 79); *Wood* v. *County of Tattnall,* 115 *Ga.* 1000 (42 S. E. 403); *Lenney* v. *Finley,* 118 *Ga.* 719 (45 S. E. 593); *Tompkins* v. *Newman,* 120 *Ga.* 173 (47 S. E. 557); *Clark* v. *Deal,* 4 *Ga. App.* 326 (61 S. E. 295). *Writ of error dismissed.*

DECIDED MAY 6, 1913.

Petition for certiorari; from Tift superior court—Judge Thomas. February 22, 1913.

*C. C. Hall,* for plaintiff in error.

*J. A. Wilkes, solicitor-general,* contra.