### 4953.  SHEFFIELD *v.* THE STATE.

HILL, C. J.  1. To authorize a conviction under the "labor-contract act" of 1903 (Penal Code, § 715), the evidence must show a contract of service, distinct and definite as to all essential terms, such as the time when the contract is to commence and terminate, the amount of wages to be paid, how the laborer is to work, whether by the day, week, month, or year, where he is to work, and the character of the work to be performed. *Starling* v. *State*, 5 Ga. App. 171 (62 S. E. 993) ; *Mosely* v. *State*, 2 Ga. App. 189 (58 S. E. 298) ; *Glenn* v. *State*, 123 Ga. 585 (51 S. E. 605) ; *McCoy* v. *State*, 124 Ga. 218 (52 S. E. 434) ; *Presley* v. *State*, 124 Ga. 446 (52 S. E. 750) ; *Thorn* v. *State*, ante, 10 (78 S. E. 853).

2. A verbal contract alleged to have been made in March, 1912, by which the laborer agreed "to work for the prosecutor from January 1st, 1913, to July 1st, 1913, at $20 per month," is too indefinite as to some of the essential terms (such as the place where the work was to be done, and the character of the work to be performed) to be the basis of a prosecution for cheating and swindling under the above-mentioned act.

                                     *Judgment reversed.*

DECIDED JULY 8, 1913.

Accusation of cheating and swindling; from city court of Jackson—Judge Fletcher.  May 3, 1913.

*J. T. Moore,* for plaintiff in error.

*C. L. Redman, solicitor,* contra.