18083. BENNETT *v.* THE STATE.

The court erred in overruling the demurrer to the accusation. To authorize a conviction under the "labor-contract act" of 1903 (Penal Code (1910), § 715), the evidence must show a contract of service distinct and definite as to all essential terms, such as the time when the contract is to commence and terminate, and the amount of wages to be paid.

DECIDED JUNE 14, 1927.

Violating labor-contract law; from city court of Alma—Judge Tuten. March 5, 1927.

*S. F. Memory,* for plaintiff in error.

*C. A. Williams, solicitor,* contra.

BLOODWORTH, J. The accusation in this case, as amended, alleges "that the said Julius Bennett on or about the 1st day of December in the year 1926, in the county aforesaid, then and there unlawfully, having contracted with T. H. Bennett to perform for him certain services, necessary in the conduct of a turpentine farm, to wit, chip certain pine trees, dip gum, or any other kind of labor usually performed in the conduct of a turpentine farm for the usual wages paid for said class of labor to wit, $1.50 per 1000 for chipping and from $2.00 to $2.50 per thousand when rented, with intent to procure from him money and other things of value, and not to perform the services so contracted for, did without good and sufficient cause fail and refuse either to perform said services or to return the money so advanced, to the

Master and Servant, 39 C. J. p. 138, n. 32.

loss and damage of said T. H. Bennett in the sum of $105; and, after having so contracted, did thereby procure from said T. H. Bennett the sum of $68.50; he, the said Julius Bennett, then and there agreeing to perform the above-described labor, beginning not later than the 8th day of January, 1927, and continuing said labor daily (Sundays excepted) until such time as the proceeds of his labor would amount to the sum so advanced, with intent then and there not to perform the services so contracted for, and did then and there, without good and sufficient cause, fail and refuse either to perform said services or to return the money so advanced; said labor to be performed on the turpentine farm of the said T. H. Bennett, in said county, on lot of land 184 in the 5th district of said county; to the loss and damage of said T. H. Bennett in the sum of $68.50." To the accusation a demurrer was filed, in part as follows: "that the facts alleged in said accusation do not constitute a criminal offense under the laws of Georgia; that the labor contract as alleged in said accusation is too vague, uncertain, and indefinite to be the basis for a criminal prosecution." The demurrer was overruled, and exceptions pendente lite were filed.

In *Sheffield* v. *State*, 13 *Ga. App.* 78 (78 S. E. 828), the first paragraph of the decision is as follows: "To authorize a conviction under the 'labor-contract act' of 1903 (Penal Code, § 715), the evidence must show a contract of service, distinct and definite as to all essential terms, such as the time when the contract is to commence and terminate, the amount of wages to be paid, how the laborer is to work, whether by the day, week, month, or year, where he is to work, and the character of the work to be performed. *Starling* v. *State*, 5 *Ga. App.* 171 (62 S. E. 993); *Mosely* v. *State*, 2 *Ga. App.* 189 (58 S. E. 298); *Glenn* v. *State*, 123 *Ga.* 585 (51 S. E. 605); *McCoy* v. *State*, 124 *Ga.* 218 (52 S. E. 434); *Presley* v. *State*, 124 *Ga.* 446 (52 S. E. 750); *Thorn* v. *State*, ante, 10 (78 S. E. 853)." The contract in the instant case is not "distinct and definite as to all its essential terms." It is not distinct as to the time when the term of service was to begin. The contract was made "on or about the 1st day of December," 1926, and the accused was to begin work "not later than the 8th day of January, 1927." The work could have commenced immediately after the contract was made. The contract is indefinite

also as to the wages to be paid. For "chipping," the wages were to range from $1.50 to $2.50 per thousand, and it is not stated what the pay was to be when the accused was dipping "gum," or when he was engaged in "other kind of work usually performed in the conduct of a turpentine farm." To say that he was to receive the "usual wages paid for said class of labor" is indefinite. As the time of the beginning of the contract is indefinite, and the wages to be paid is also indefinite, it is impossible to calculate when the "proceeds of his labor would amount to the sum" advanced him; and therefore it is not possible to estimate when the contract would terminate. The court erred in overruling the demurrer to the accusation, and the other proceedings were nugatory.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*