PARKER *v.* COCHRAN *et al.*

*Lumpkin, J.*—1. A demurrer to an equitable petition on the ground that it "has not all the proper parties to it," is defective in that the demurrer fails to state the name of any person who should be made a party.

2. Upon the facts alleged, there was no misjoinder of parties, and the plaintiff's petition was not multifarious. There was equity in the petition, and it was error to dismiss it as to some of the defendants; and as to another defendant, to dissolve the restraining order previously granted, and, without hearing evidence, to refuse the injunction prayed for, on the ground that the petition was without equity.     *Judgment reversed.*

August 5, 1895.

Equitable petition.  Before Judge Janes.  Paulding superior court.  August term, 1894.

Mrs. Parker brought her petition against W. C. Cochran and M. M. &. C. C. Phillips & Company, to which Franklin Parker, husband of plaintiff, was afterwards made party defendant.  A demurrer was sustained, and the petition dismissed as to M. M. & C. C. Phillips & Company, and a restraining order previously granted as against Cochran was dissolved.  Plaintiff excepted.

The petition alleged: Mrs. Parker owns and is possessed of lots 401 and 402 in the third district and third section of Paulding county, in her own right, as appears from a deed from her husband to her, attached, dated March 8, 1886.  On September 19, 1892, her husband was in possession, under a contract of purchase frcm M. M. & C. C. Phillips, of lots numbered 403 and 462 in the same district and section, and held their bond for title thereto.  On her land there was then about fifty acres well suited for cultivation.  A short time before September 19, 1892, she authorized her husband to rent her land for 1893, for standing rent.  He did rent her land, together with his own, to Echols & Johnson for $150, valuing the rental of her land at $100 and of his at $50, and taking the notes of Echols & Johnson payable to him or bearer, for $75

each, due December 1, 1893. On January 3, 1893, Coch-
ran fraudulently persuaded and coerced her and her hus-
band to make and deliver a note payable to Cochran for
$65 due November 15, 1893, ostensibly in settlement of
a suit then pending in Paulding superior court, of Coch-
ran against her husband for alleged damages in hiring em-
ployees of Cochran, when in fact the note was also to be in
settlement of two indictments pending in the same court,
wherein Cochran was prosecuting her husband for enticing
away employees of Cochran, and for using opprobrious
words, etc. Her husband was fraudulently induced and
coerced to give Cochran said note by the promises and
threats of Cochran, that if she and her husband would give
the note Cochran would settle the civil suit and would also
stop the criminal cases, and would throw the latter out of
court at the costs of the State, and that if they did not give
the note he would not only prosecute the criminal case but
would prosecute them for perjury in a case which had been
tried against Cochran in the same court for carrying con-
cealed weapons, and that he (Cochran) could make Eliza
Martin swear to anything he wanted her to. Petitioner
was fraudulently induced to sign said $65 note, by a verbal
message sent her by Cochran by her husband, that if she
would sign the note Cochran would stop the criminal cases
against her husband; and if not, he would prosecute the
criminal cases and indict her and her husband for perjury,
and that he could make Eliza Martin swear anything.
While she was not guilty of perjury and does not believe
her husband was, for fear of being harassed by Cochran
and that the indictments against her husband, which was
not done by Cochran, might be stopped, she signed the
note. If the allegations in Cochran's suit for damages,
for the settlement of which the note was only apparently
given, were true, the note was *nudum pactum* as to her,
because the allegations if true would constitute a tort for
which her husband would alone be liable. By the false,

illegal and fraudulent means aforesaid, Cochran induced her husband to transfer to Cochran, as collateral security for said note, the two rent notes above mentioned. For the purpose of collecting the $65 note, although it was not due until November 15, 1893, on September 29, 1893, Cochran sued out a distress warrant in the name of Parker for his use, without her authority, for one of the rent notes, which was levied on a bale of cotton and certain cotton-seed and cotton in the seed and in the field. When this levy was made, M. M. & C. C. Phillips & Company became sureties on the replevy bond of Echols & Johnson, and the distress warrant case is now pending on appeal in the superior court of Paulding county. The entire cotton crop grown on her land by Echols & Johnson in 1893, two or three bales of cotton and sixty bushels of cotton-seed, as well as that raised on the land of her husband by Echols and Johnson in 1893, about two bales of cotton and fifty bushels of cotton-seed, has been turned over to M. M. & C. C. Phillips & Company by the constable of the district in which the distress warrant was sued out. M. M. & C. C. Phillips & Company, well knowing that she was the owner of lots 401 and 402, and that Echols & Johnson were due her rent therefor for 1893, and that she under the law had a lien on said crops for the rent, nevertheless, to collect certain debts they held against Echols & Johnson, who are insolvent, in disregard of her rights and greatly to her injury, on October 18, 1893, brought suit in the magistrate's court, which suit is now pending, in trover, against Echols & Johnson for said cotton crop of the value of $100, grown by them in 1893 on the lands of her and her husband, on said pretended claim, unknown to her. She could not foreclose her lien for rent and have it levied upon the cotton, because the cotton had been turned over as above stated to M. M. & C. C. Phillips & Company, before the rent became due. Cochran and M. M. & C. C. Phillips

& Company have confederated to secure the payment to Cochran of the $65 note, and then to apply the balance from said crops to the claims M. M. & C. C. Phillips hold against Echols & Johnson, and thus fraudulently and unjustly deprive her of her rents. Because of the facts above mentioned her damage would be irreparable; and to avoid multiplicity of suits, waiving discovery, she prays for injunction against defendants and against the magistrate, restraining Cochran from proceeding with the collection of the $65 note or the two rent notes and with the distress warrant, and Phillips & Company from the prosecution of their action of trover, and the magistrate from further hearing and determining the action of trover, until further order; that Cochran be compelled to deliver up and cancel the $65 note and deliver up the rent notes, and that her landlord's lien be enforced, and that Cochran's suit for damages be reopened if Cochran desire it; that Phillips & Company be required to pay into court any money they have received from said cotton or cotton-seed and any cotton or cotton-seed they may have received, to abide final decree; and for general relief and process. By amendment she alleged: Cochran knew that she had an interest of $100 in the rent notes, when he induced her husband to transfer said note; and Phillips & Company knew the same thing, and that she was not to furnish Echols & Johnson any supplies or stand for supplies for them, long before Phillips & Company sold them or her husband any supplies for 1893, and before any transaction between them and Echols & Johnson and her husband had taken place about their furnishing Echols & Johnson any supplies.

The demurrer was upon the grounds: The petition has not all the proper parties to it, and there is a misjoinder of parties defendant. There is no equity in the petition. Plaintiff has a complete and adequate ground at law for enforcing any right set out in her petition, and is not en-

titled to the extraordinary relief for which she prays. And the petition is multifarious.

*J. O. Gartrell* and *C. D. Phillips*, for plaintiff.

*J. J. Northcutt*, for defendants.