## WILSON v. THE STATE.

An accusation in a city court, charging one with the offense of violating the provisions of the act approved August 15, 1903 (Acts 1903, p. 90), should set forth, at least in substance, a contract definite and certain as to its terms and duration; and an accusation wholly failing to meet this requirement is fatally defective, and a special demurrer thereto, on the ground that "said accusation fails to set forth any contract, not stating when said contract was to begin nor end," should be sustained.

Submitted October 16,—Decided November 8, 1905.

Accusation of cheating and swindling. Before Judge Humphreys. City court of Moultrie. August 9, 1905.

*J. D. McKenzie* and *L. L. Moore,* for plaintiff in error.

*T. W. Mattox, solicitor,* and *L. T. Johnson,* contra.

Beck, J.   Paul Wilson demurred to an accusation charging him with cheating and swindling under the provisions of the act of August 15, 1903 (Acts 1903, p. 90), upon the ground that the accusation did not set out with sufficient certainty the contract for services, or the failure on the part of the accused to perform his part thereof, and because the act itself violates the constitution of the United States as well as that of Georgia.   After his demurrer was overruled, the case proceeded to trial, and he was convicted. He made a motion for a new trial upon the general grounds, which was denied by the court; and he now excepts to the ruling of the judge in not granting his motion, and also urges the exceptions which he filed pendente lite to the overruling of his demurrer.

The language of the accusation is as follows: "said defendant did, on the 20th day of July, 1905, in county aforesaid, unlawfully and with force and arms did contract with Lindsey Ball to perform services as a laborer for the said Lindsey Ball and by reason of said contract did obtain advances from the said Lindsey Ball in the sum of six dollars in money, . . and after having so contracted and procured said advances the said defendant Paul Wilson did fail to comply with said contract or return to said Lindsey Ball said advances."   It will be readily seen from a cursory reading of this accusation that it is fatally defective.   "Before one can be lawfully convicted of a violation of this statute, several things essential to constitute the offense defined must be shown.   Among them is that there was a distinct and definite contract for service; and another is that the person contracting to perform this service has, without good and sufficient cause, failed and refused to carry out his contract by performing the service.   An implied contract will not do, but there must be an express contract, clear and definite in its terms."   *Glenn* v. *State, 123 Ga.* 585.   The ruling in the headnote is supported by the authority cited and by the reasoning in the case from which the quotation is made.

Having reversed the judgment of the court below upon the ground that the special demurrer should have been sustained, it is unnecessary to discuss the grounds of the motion for new trial; but had it been necessary for us to pass upon the grounds of the motion, we should unhesitatingly have held that the verdict was without evi-

dence to support it. It is true that the prosecutor testified in general terms that the accused did contract with him, about the first day of July, 1905, to cut wood for him near Moultrie, and "on the strength of this contract he advanced to the defendant six dollars in money, and one axe and handle of the value of $1.21, and one saw worth $1.15." But there is absolutely no proof in the record as to the duration of the alleged contract or within what time it was to have been performed; and, beyond the mere claim of the prosecutor that there was "a contract," there was nothing to show with definiteness or precision what that contract was.

*Judgment reversed. All the Justices concur.*