### 4283.  TAYLOR v. FELDER.

The law of this case was fully settled when it was before this court at a
previous term (3 *Ga. App.* 287, 59 S. E. 844).   There is no material
difference between the evidence in the present and that in the former
record.   No error of law was committed on the trial.   The verdict
directed in the plaintiff's favor was demanded, and the court erred in
granting a new trial.

DECIDED OCTOBER 22, 1912.

Complaint; from city court of Americus—Judge Hixon.   May
4, 1912.

*Ellis, Webb & Ellis, George Gordon,* for plaintiffs in error.

*W. P. Wallis,* contra.

POTTLE, J. This case has been pending about six years and has been tried three times. Nearly five years ago this court set aside a verdict and judgment in the defendant's favor, holding in effect that a verdict in the plaintiff's favor was demanded. There have been two trials since. At the second trial the defendant again prevailed, and the trial judge granted a new trial. On the third trial Judge Crisp directed a verdict for the plaintiff; his successor, Judge Hixon, granted the defendant a new trial. We have read the record with the utmost care. It is long on pleas and short on proof in the defendant's favor. The law of the case was fully settled when it was here before. There is no material variance between the evidence now and that in the first record. If anything, it is stronger now for the plaintiff. The execution of the note, and the memorandum thereon, and the plaintiff's title, were fully proved. The authority of the partner to make the note is concluded by the former decision. No error was committed on the trial. The litigation must end. Let the verdict as directed by Judge Crisp stand.                                    *Judgment reversed.*