## EVANS v. THOMPSON.

EVANS, P. J. The plaintiff, W. P. Evans, filed an equitable petition against C. S. Thompson, to restrain the execution of a warrant to dispossess him as a tenant holding over, alleging that the deed to the premises which he executed to the defendant was infected with usury, and that the defendant was to make or procure a loan for him in a sum of money sufficient to pay the plaintiff's indebtedness to the defendant, which loan was to be evidenced by two notes of equal amounts, due in one and two years respectively, bearing interest at the rate of eight per cent. per annum. A copy of the deed was attached, and it purported to be on a consideration of $6,000. The prayer was for an injunction against the further prosecution of the dispossessory warrant; for an accounting; for specific performance of the contract respecting the loan; and for general relief. The defendant denied that there was any usury in the consideration of the deed; denied making the agreement alleged in the petition; and averred that he purchased the land from the plaintiff, who rented it from him, and that the plaintiff was insolvent and the premises were deteriorating in value, and, by way of cross-relief, prayed for the appointment of a receiver to take charge of and rent the property, and "do such other things as may be necessary to protect the interest of the parties to this suit." The case came on to be tried, and upon the close of the evidence the court stated to counsel that he would submit only three issues to the jury, namely: (1) Was the deed given as a fee-simple deed or as a security deed? (2) Was there any usury in the indebtedness to Thompson? (3) Did the defendant contract with the plaintiff that he would make him a loan of $6,000, to be evidenced by two notes each for $3,000, to mature one and two years respectively after the date of the loan? After the plaintiff's attorney had made the opening argument, and while the defendant's attorney was addressing the jury, the court asked the plaintiff's attorney if he insisted that the questions as to usury and as to the contract be submitted, and he replied that he did not. Whereupon the court said that he would submit only the first question to the jury. The plaintiff's attorney replied that that would be satisfactory. The court then announced to the defendant's attorney, who had paused in his address, that only the first question would be submitted to the jury. The court submitted that issue, and the jury answered that the deed was given only as security for debt. The plaintiff's counsel moved that the court enter up a decree declaring that the deed from plaintiff to defendant was given to secure a debt, and was not an absolute deed, and restraining the defendant from further proceeding with the dispossessory warrant, and directing the receiver, after deducting $50 for his compensation, to turn over all property,

money, and choses in action·in his hands to the plaintiff. The court refused to·enter up this decree, but did enter up a decree reciting that the plaintiff's counsel stated, in the trial of the case, that he did not wish the issues of fact specified in the last two questions formulated by the court submitted to the jury; reciting the finding of the jury on the first question; and adjudicating that the deed attached to the plaintiff's petition, which recited a consideration of $6,000, was given as security for debt, that the debt was not infected with usury, and that the plaintiff have judgment for $6,000 principal, and $447.33 interest, and future interest at eight per cent. Error is assigned upon the decree, and upon the refusal of the court to enter up a decree in manner and form as moved by the plaintiff. *Held*, that the pleadings did not authorize the decree which the court entered up. The effect of the agreement to submit the single issue in the form of a question was to eliminate all others. The plaintiff prayed for an accounting, but no accounting was had. .The defendant did not pray for a judgment against the plaintiff. So the pleadings did not authorize any judgment against the plaintiff in favor of the defendant. The jury having found that the relation of landlord and tenant did not exist between the parties, the court should have enjoined the further progress of the warrant issued at the instance of the defendant against the plaintiff as a tenant holding over.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

JANUARY 18, 1915.

Equitable petition. Before Judge Reid. DeKalb superior court. December 11, 1913.

*J. B. Stewart,* for plaintiff. *R. W. Milner,* for defendant.