### 6288. TENNYSON *v.* THE STATE.

In a prosecution for the violation of section 715 of the Penal Code (known as the "labor-contract act"), while the act provides that "satisfactory proof of the contract, the procuring thereon of money or other thing of value, the failure to perform the services so contracted for, or failure to return the money so advanced with interest thereon at the time said labor was to be performed, without good and sufficient cause, and loss or damage to the hirer, shall be deemed presumptive evidence of the fraudulent intent," yet the burden is on the State to prove all of these facts before the presumption arises.

DECIDED APRIL 20, 1915.

Accusation of cheating and swindling; from city court of Millen —Judge T. L. Hill. December 21, 1914.

*F. G. Rabb,* for plaintiff in error.

BROYLES, J.   John Tennyson was convicted of the offense of cheating and swindling, under section 715 of the Penal Code, commonly known as the "labor-contract act," in that he obtained from the prosecutor, H. D. Brinson, an advance of $2 upon an alleged contract to cut four cords of wood at 50 cents per cord on the lands of the prosecutor; this labor to be performed between the 20th and 25th of July, 1914. From the testimony of the prosecutor it appears that Tennyson was a share-cropper with Brinson, and that Brinson paid him wages of $12 per month; that after Tennyson had secured, on July 18, 1914, the advance of $2, he continued to work on his crops, and continued in the employment of Brinson until some time in October, 1914, when, after "a little scrap" and "a thrashing" administered to the defendant by Brinson, he turned over all of his crop to Brinson, and left the place without cutting the wood in question, or returning the $2 advanced on the alleged independent contract.

To establish the essential elements of the offense alleged in the accusation, the burden is upon the State to prove, among other things, that the accused had no good and sufficient cause for failing to perform the contract, or for failing to return the money advanced; and also that loss to the person advancing the money resulted therefrom. In the case at bar the prosecutor testified: "John Tennyson was working with me as a share-cropper, and had been working with me since December, 1913. He continued to work on in his crop until some time in October, when we had a little scrap, and I gave him a thrashing. He was working in the share-crop which he was running at the time, but after I gave him the whipping, over at the oil-mill, he left and went away. *He had turned over to me all of his crop,* and I have not sold all of it yet. He owed me a right smart, and all of his crop sold at market price will not begin to pay me. He had no cause for not doing the work in cutting the wood." The defendant, in his statement, said that he left because Brinson beat him and told him to leave.

It can not be said, as a matter of law, that the administration of the "thrashing" by the prosecutor was not a good and sufficient reason for the defendant's going away and failing to perform his contract, and failing to return the money advanced; and inasmuch as the prosecutor obtained the entire crop of the defendant and had not sold all of it, or accounted for any part of it, testimony from Brinson as to his actual or eventual loss is, of course, a mere conclusion (as likewise is his statement that the defendant had no cause for not cutting the wood), and is not of sufficient evidentiary value to rebut the presumption of the defendant's innocence, and remove all suspicion that the strong arm of criminal process was being invoked for the collection of a debt. See, in this connection, *Glenn* v. *State,* 123 *Ga.* 585 (51 S. E. 605); *Johnson* v. *State,* 125 *Ga.* 243 (3), 247 (54 S. E. 184); *Brown* v. *State,* 8 *Ga. App.* 212 (68 S. E. 865); *Thorn* v. *State,* 13 *Ga. App.* 10 (2), 13 (78 S. E. 853); *Hudson* v. *State,* 14 *Ga. App.* 490 (81 S. E. 362); *Lewis* v. *State,* 15 *Ga. App.* 405 (83 S. E. 439).

The prosecution having failed to adduce proof to meet the tests to which we have referred, and there being otherwise no evidence of a fraudulent intent, the trial judge erred in overruling the motion for a new trial.                    *Judgment reversed.*