7710.   JOHNSON v. THE STATE.

The evidence was insufficient to convict the defendant of a violation of the "labor-contract act" (Penal Code, §§ 715, 716), and, the court erred in refusing to grant a new trial.

DECIDED OCTOBER 18, 1916.

Accusation of cheating and swindling; from city court of Albany —Judge Clayton Jones.   July 14, 1916.

John Henry Pool, for plaintiff in error.

Cruger Westbrook, solicitor, contra.

BROYLES, J.   Joe Johnson was convicted in the city court of Albany of the offense of cheating and swindling, in that he did procure five dollars from a firm composed of J. B. Tyler and

J. M. Tomlinson, on the promise to perform services for it, and that he breached this contract without good and sufficient cause. There was no demurrer to the indictment. On the trial of the case the following testimony only was introduced: J. B. Tyler, for the State: "I am the prosecutor in the case of the State against Joe Johnson. On Saturday night, July 3, Joe Johnson (in Albany, Dougherty county, Georgia) the defendant got $5 from Tyler and Tomlinson, advanced on a contract and promise to work for me at the still of mine and J. M. Tomlinson, in Baker county, Ga., to dip gum. He promised to begin work on the Monday following, and was to get 40 cents per barrel, until he worked out said amount of money. Upon his promise to do the work, as above stated, I gave him five dollars—that is, I advanced him that amount. The contract was made for the firm of J. M. Tomlinson and J. B. Tyler, of which firm I am a member. On Monday morning, the day on which he was to begin work, I met him, about 8 o'clock a. m., in Albany, Ga., at the place we had agreed to meet, in order that I could carry him down into Baker county. When we met he wanted five dollars more, and I refused. Then he wanted $1.75, saying he had lost the money I let him have. I refused to let him have any more money. He then said he would have to go a short distance down the alley to get his clothes and he would be back in a few minutes, and would then be ready to go to work. He went away, and, after waiting for him for about one hour and ten minutes, at the Albany National Bank, the same place where he was to come back, I gave him out. I then swore out this warrant for him and went to Baker county. The next time I saw him he was under arrest. After his arrest he offered to work out the value of the money. I never did get the money back, and Tomlinson and Tyler lost that much." R. M. Denson, for the State: "I arrested the defendant, Joe Johnson, Monday, at nine o'clock at night, the day the warrant was issued, in Albany, at a restaurant in Sandy Bottom. When arrested he said the reason he did not go to work for Mr. Tyler is because Mr. Tyler went off and left him."

A general rule of law is that all criminal statutes should be strictly construed; and both our Supreme Court and this court have construed with especial strictness the so-called "labor contract act" (Penal Code, §§ 715, 716). Under this strict con-

struction it has been repeatedly held by both courts that one of the essential facts incumbent upon the State to prove, in a prosecution for a violation of this act, is that there was no good reason why the contract was not performed, or no good reason why the accused did not return the money advanced to him on the strength of the contract. *Glenn* v. *State,* 123 *Ga.* 585 (51 S. E. 605) ; *Wilson* v. *State,* 124 *Ga.* 22 (52 S. E. 82) ; *Watson* v. *State,* 124 *Ga.* 454 (52 S. E. 751) ; *Johnson* v. *State,* 125 *Ga.* 243 (54 S. E. 184) ; *Thorn* v. *State,* 13 *Ga. App.* 10 (78 S. E. 853) ; *Lewis* v. *State,* 15 *Ga. App.* 405 (4), 406 (83 S. E. 439) ; *Jones* v. *State,* 15 *Ga. App.* 642 (83 S. E. 1099) ; *Gatlin* v. *State,* 16 *Ga. App.* 232 (84 S. E. 973) ; *Tennyson* v. *State,* 16 *Ga. App.* 215 (84 S. E. 988) ; *Beeman* v. *State,* 17 *Ga. App.* 752 (88 S. E. 408) ; *Durham* v. *State,* 17 *Ga. App.* 810 (88 S. E. 594). The evidence in this case fails to prove this essential fact, and, therefore, the conviction of the accused was unauthorized, and the court erred in overruling his motion for a new trial.          *Judgment reversed.*