34387.  WILSON *v.* NAUMANN.

DECIDED MARCH 19, 1953.

826

*Frank A. Bowers*, for plaintiff in error.

*Charles O. Baird Jr.*, contra.

SUTTON, C. J. Both parties have cited *Smith* v. *Franklin Printing Co.*, 54 *Ga. App.* 385 (2) (187 S. E. 904), as setting forth the law applicable to the present case. It was there ruled: "Where a principal advances money to his agent on a drawing account against his commission to be earned as a salesman for selling merchandise, and his commission does not amount to the sum advanced, the employer cannot, in the absence of an express or implied agreement, or promise to repay any excess of advances over the commissions earned, recover such excess from the employee. [Citations.]"

The question raised by the demurrer is whether the petition, construed against the pleader, shows that the advances sued for in excess of commissions earned were chargeable only against commissions, or whether the petition, properly construed, shows that they were made as loans or advances which were to be repaid under an express or an implied agreement. It is alleged

in the petition that the defendant, needing money, came to the plaintiff to obtain employment; that the plaintiff could not afford to employ the defendant at a salary; and that the defendant promised to repay any money the plaintiff advanced or loaned to him and promised to go to work selling insurance on a commission basis. This was an express promise to repay any amounts loaned or advanced to the defendant, whether or not the defendant earned any commissions.

It is also alleged that, on April 1, 1950, when the plaintiff proposed to terminate the employment and when the defendant asked to continue working according to the original agreement, the parties further agreed at that time that Wilson was to have a drawing account against commissions, the amounts drawn to be agreed on from time to time, and that Wilson understood the advances were to be charged against his commissions. This allegation is not that the advances were to be chargeable *only* against commissions earned by the defendant, so as to change the previous agreement that the defendant himself was obliged to repay such advances. This further agreement only gave the plaintiff an additional source of payment for the advances or loans by allowing him to charge them against the defendant's earned commissions.

The petition set out a cause of action, and the court did not err in overruling the general demurrers thereto.

*Judgment affirmed. Felton and Worrill, JJ., concur.*