## 36337. BEALE *v.* GRIMSLEY.

NICHOLS, J.  Gladys Beale, a daughter of Sam Grimsley, deceased, filed a caveat to a return made by appraisers appointed by the Ordinary of Clay County, which set aside as a year's support for Trudie Grimsley, the widow of the deceased Sam Grimsley, a certain described tract of land containing 173½ acres and certain household furniture.  The land set aside by the appraisers was valued at $1800 by them.  The ordinary, after a hearing on the caveat, made the report of the appraisers the judgment of that court.  The caveatrix appealed to the superior court where the issue was tried before a jury.  Before any evidence was introduced the following stipulation was entered into by the attorneys for the parties.  "It is agreed and stipulated between counsel for both parties in the case, that the only point on which evidence will be introduced is that of the value of the land set aside as a year's support, it being conceded that the applicant for a year's support is entitled to a year's support of the value of $1800," and, "It is further stipulated and agreed that the main issue of this case is the value of the land set apart as a year's support.  It is contended by the appellant, Gladys Beale, the daughter of Sam Grimsley, deceased, that $1800 set by the appraisers is disproportionate to its true market value.  It is contended by the appellant that the property in question is worth more than $1800.  The appellant does not contend that Trudie Grimsley will not be entitled to her $1800, but contends that the value of the land is worth more than $1800."  Evidence was introduced by the caveatrix that the land in question was worth between $3500 and $4200.  In addition to the return of the appraisers, which was introduced without objection, the widow also introduced other evidence that the land in question was worth only $1800.  At the close of the evidence the trial court directed a verdict for the widow, Trudie Grimsley.  The caveatrix filed a motion for new trial on the usual general grounds which she later amended so as to assign error on the direction of the verdict by the trial court.  The motion for new trial as amended was denied and it is to this judgment that the caveatrix excepts.  The defendant in error filed a motion to dismiss the writ of error in this court. *Held:*

1. The motion made by the defendant in error to dismiss the writ of error is without merit and is denied.
2. There was evidence presented in the present case to support both the contentions of the caveatrix and the contentions of the widow, therefore, the trial court erred in directing a verdict for the widow.  It was the duty of the jury, if it found that the land set aside by the appraisers for the year's support was worth materially more than $1800, to amend, or correct, the return of the appraisers, under proper instructions of the court, so as to award the widow a year's support in the amount of $1800, which it was stipulated that she was entitled to as a year's support.  See in this connection, *Casey* v. *Casey,* 151 *Ga.* 169 (106 S. E. 119), and cases cited.

*Judgment reversed.  Felton, C. J., and Quillian, J., concur.*

DECIDED JANUARY 8, 1957—REHEARING DENIED JANUARY 22, 1957.

*E. B. Shaw,* for plaintiff in error.
*Stone & Stone,* contra.