### 38327. SILVEY v. WYNN.

FRANKUM, Judge. 1. "A contract signed by one of the parties only, but accepted and acted on by the other party to it, may be just as binding as if it were signed by both parties, if the obligations of the parties are mutual." *Hudson v. State,* 14 Ga. App. 490 (81 S. E. 362). See *Robinson v. Belcher,* 37 Ga. App. 412 (140 S. E. 412); *Lott-Lewis Co. v. Bingham-Hewett Grain Co.,* 28 Ga. App. 728 (113 S. E. 222); 12 Am. Jur. 551, Contracts § 61. In cases involving undated contracts, extrinsic evidence may. be introduced to show the dates agreed on by the parties. *Pinson v. Moffat,* 209 Ga. 7 (70 S. E. 2d 359). In the instant case, all the contentions except one raised by the plaintiff in error, hereinafter referred to as the defendant, are that the purported copy of the contract placed in evidence contained no signatures of any party to the present action. The alleged contract provided for a profit-sharing agreement between the plaintiff, the defendant, and a third party (the plaintiff was to receive 30%, the defendant 40%, and a third party 30%, of the profits), whereby the defendant would furnish the capital and the other two parties would furnish their services. There was a provision that after the expiration of a certain time period, "a partnership agreement or a corporation" would be formed. This action is to recover for a portion of the alleged profits due the plaintiff under the contract. The original copy of the contract was admittedly destroyed by the defendant, and testimony was introduced that the plaintiff and the third party to the contract formally executed the original. Though there is no evidence that the defendant ever signed the contract, there was evidence to the effect that the defendant followed the provisions of the contract, as well as the plaintiff,

until the parties had a falling out. These facts were sufficient to infer that he had received the benefits of such contract and to admit the copy into evidence over the objection of the defendant. *Code* § 38-702; *Schley v. Lyon & Rutherford,* 6 Ga. 530. There was sufficient evidence to authorize the trial court, sitting in a fact-finding capacity, to determine that the defendant agreed to the terms of the contract and was bound thereby.

2. Error is assigned on the trial court's admission of oral testimony that the defendant signed a hotel register in Chicago, Illinois, in the name of the firm as a partner and not as a sole proprietor. An objection was interposed that the register would be the highest and best evidence. Ordinarily, reasonable diligence must be shown to obtain a writing which is in the court's jurisdiction before secondary evidence can be introduced as to the contents of the writing (*Vaughn v. Biggers,* 6 Ga. 188), but when such document is shown to be outside the State in the hands of a third party, secondary evidence will be admitted of its contents. *Stewart Bros. v. Randall Bros.,* 138 Ga. 796 (76 S. E. 352); *Shirley v. Hicks,* 105 Ga. 504 (31 S. E. 105); *Bowden v. Achor,* 95 Ga. 243 (22 S. E. 254). See Green, Georgia Law of Evidence, § 108.

The plaintiff testified that the defendant had signed a register in New York and Chicago as "I. E. Silvey, Foster-Silvey Company, partner." We feel that this is sufficient for a judge sitting without intervention of a jury to rule that secondary evidence was admissible in lieu of the original register. The defendant's objection does not indicate an improper foundation, but only that the register would be the "highest and best evidence." For these reasons we feel that the trial court did not commit an error in allowing the secondary evidence.

3. There is no sufficient assignment of error on the amount of the judgment as being improper and erroneous, and therefore, no ruling will be made regarding the same.

*Judgment affirmed. Gardner, P. J., Townsend and Carlisle, JJ., concur.*

DECIDED JULY 13, 1960—REHEARING DENIED JULY 27, 1960.

*Dudley Cook,* for plaintiff in error.
*Sam G. Dettelbach,* contra.