21219.   TAYLOR v. TAYLOR *et al.*

Argued April 10, 1961—Decided June 13, 1961.

*Gainey & Gainey*, for plaintiff in error.

*Alexander, Vann & Lilly, Roy M. Lilly*, contra.

QUILLIAN, Justice. ■ The petition alleged a cause of action, in that it showed the plaintiffs' right of recovery (*Savannah Bank &c. Co. v. Wolff*, 191 Ga. 111, 112, 11 SE2d 766; *Lansdell v. Lansdell*, 144 Ga. 571 (1), 87 SE 782; *Toler v. Goodin*, 200 Ga. 527 (3), 37 SE2d 609; *Copelan v. Monfort*, 153 Ga. 558, 113 SE 514; *Crawford v. Wilson*, 139 Ga. 654, 78 SE 30, 44 LRA (NS) 773), and the plaintiffs' right to maintain the action against the defendant (*Pierce v. Harrison*, 199 Ga. 197, 33 SE2d 680), and hence it was not subject to the general attack that it set forth no cause of action.

■ The·defendant contends that the petition set forth no cause of action because it failed to show that the deceased, whose property the plaintiffs claimed the right to recover, was a party to the contract entered into with the plaintiffs' mother to adopt them and render them capable of inheriting the property of his estate; that the contract is not set forth with requisite clarity; and that the instrument by the terms of

which the mother relinquished her parental rights and agreed that the plaintiffs be adopted by the deceased and his wife was not signed by the deceased. The contract referred to was, according to the standard set by this court in *Crawford v. Wilson,* 139 Ga. 654, supra, and similar holdings of this court, sufficiently definite. The petition explicitly alleges that the deceased agreed to its terms, and that, while he did not sign the instrument executed by the natural mother, his promise to adopt the plaintiffs was made in consideration of the mother's agreement to relinquish parental control and consent to the children's adoption. If there had been any necessity that the deceased, when in life, sign the instrument, when he, as the petition alleges, accepted the paper and retained it in his possession, he assented to its terms as freely as if he had affixed his signature to the same. *Brown v. Bowman,* 119 Ga. 153 (46 SE 410); *Robson & Evans v. N. J. Weil & Co.,* 142 Ga. 429 (83 SE 207); *Hudson v. State,* 14 Ga. App. 490 (81 SE 362).

■ The plaintiff in error insists that the petition was subject to general demurrer for the reason that the judgment setting apart to her all the property the plaintiffs seek to recover was obtained by her in proceedings regular upon their face, and that the plaintiffs filed no objections in the ordinary's court to the entry of the judgment. The demurrant overlooks the rule that the plaintiffs are neither heirs nor creditors of the deceased (*Burgamy v. Holton,* 165 Ga. 384, 392, 141 SE 42; *Crawford v. Wilson,* 139 Ga. 654 (6), supra), and could not legally interpose a caveat in the ordinary's court. *Mathews v. Rountree,* 123 Ga. 327 (51 SE 423). Hence, the fact that they did not oppose the year's support in that court does not prevent them from seeking to recover the property set apart to the defendant.

■ A demurrer that the plaintiffs' right to attack the year's support set apart to the defendant was debarred by laches, because the petition alleged that approximately six months had elapsed between entry of the judgment in the year's support proceeding and the filing of the petition, was properly overruled. *Crawford v. Wilson,* 139 Ga. 654 (4), supra.

■ A demurrer that the petition failed to state "who are the lawful heirs" of the deceased is not sufficient in form. *Mathis v. Fordham,* 114 Ga. 364 (2) (40 SE 324).

■ A special demurrer asserts that the petition named no proper party defendant. The criticism is too indefinite. *Dawson v. Equitable Mortgage Co.*, 109 Ga. 389 (1) (34 SE 668). A demurrer that proper parties are not named in a pleading must point out who are proper parties to the action. *Parker v. Cochran*, 97 Ga. 249 (1) (22 SE 961).

■ A ground of demurrer is that the petition does not allege that no administration of the deceased's estate was necessary. No reason is given as to why the omission of the averment renders the petition insufficient or imperfect. Hence, the demurrer was a general demurrer. In the case of *Yopp v. Atlantic Coast Line R. Co.*, 148 Ga. 539 (2) (97 SE 534), it is held: "In such an action, where the petition sought the recovery of the above mentioned and other land adequately described, it was error to sustain a general demurrer on the grounds: (a) That there was no allegation by the plaintiffs, who sued as heirs at law, that there was no administration on the estate of their intestate, or, if so, that the administrator assented to the suit. . ." A similar holding is found in *Phillips v. Phillips*, 163 Ga. 899, 903 (137 SE 561). However, had the ground been perfect in form it would have been properly overruled. The property in the hands of the defendant constituted all of the assets of the estate. When the property of the deceased is set apart as a year's support to the applicant, it passes out of the estate (*Calhoun Nat. Bank v. Slagle*, 53 Ga. App. 553, 186 SE 445), and cannot be recovered by the personal representative. *Winn v. Lunsford*, 130 Ga. 436 (3) (61 SE 9).

It is clear from the holding in *Lowery v. Powell*, 109 Ga. 192 (34 SE 296), that, where all of the assets of an estate are set aside to the widow as a year's support, no administration of the deceased's estate is necessary.

In the case of *Raper v. Smith*, 216 Ga. 326, 327 (116 SE2d 554), it is held: "It does not appear that Smith, as a creditor, or anyone else filed any objections to the return of the appraisers. No objections being filed to the return, when the ordinary recorded the return, it became in effect a binding judgment conclusive upon all parties interested. *Howell v. Howell*, 190 Ga. 371 (9 SE2d 149); *Jackson v. Warthen*, 110 Ga. 812 (36 SE 234). Only

causes apparent on the face of the record, such as want of jurisdiction of the person or subject matter, can be considered. *White v. Wright,* 211 Ga. 556 (97 SE2d 394). 'A judgment approving the return of commissioners setting aside a year's support, where all the proceedings are regular, can not be attacked as fraudulent because interested parties could have successfully resisted the judgment had they interposed timely objection.' *Reynolds v. Norvell,* 129 Ga. 512 (3) (59 SE 299)."

In every year's support case the question of whether the applicant is the deceased's widow is involved. *Wilson v. Allen,* 108 Ga. 275, 277 (33 SE 975). A caveat filed by parties interested in the estate may raise that issue. *Robertson v. Robertson,* 90 Ga. App. 576 (1, 2) (83 SE2d 619).

When that issue is not raised and in the year's support proceedings all of the property of the estate is set apart to the applicant, no administration of the deceased's estate is necessary. *Lowery v. Powell,* 109 Ga. 192, supra.

■ A special demurrer is interposed on the ground that it does not appear from particular paragraphs when the deceased and his wife took the plaintiffs into their custody. The petition alleges that the plaintiffs were taken into custody when they were respectively five and seven years old. Applying the rule that reasonable certainty is all that is required of pleadings, even against a special demurrer (*Charleston & Western Carolina Ry. Co. v. Attaway,* 7 Ga. App. 231 (2), 66 SE 548), we think that the petition was sufficiently explicit as to the time the deceased and his wife took custody of the plaintiffs.

■ A special demurrer attacks the petition because the ages of the plaintiffs at the time the suit was filed were not alleged. The plaintiff in error argues that the ages of the plaintiffs might become material to the issue as to whether their cause was barred by laches. The petition as drawn contains no averment from which it can be inferred that the plaintiffs' action was barred by laches. In the case of *Young v. Wilson,* 183 Ga. 59, 71 (187 SE 44), it was held: "The petition did not show upon its face that it was barred, either by the statute of limitations or by laches, as to all of the relief sought; and for this reason alone, if not for others, the court did not err in overruling these grounds.

*Greer v. Jackson,* 146 Ga. 376 (91 SE 417); *Blaylock v. Hackel,* 164 Ga. 257 (138 SE 333); *Sikes v. Hurt,* 18 Ga. App. 197 (2) (89 SE 181)."

■ Paragraph 12 of the petition alleged: "Petitioners show that from said time down to the time petitioners attained the age of legal majority that they were in the custody and control of Elijah and Janie Taylor living in their home and being in every way treated as natural sons." A special demurrer sought information as to when the plaintiffs attained majority. Whether the plaintiffs remained in the home of the deceased, was material in that it was illustrative of whether the deceased entered into the contract to adopt them and recognized that contractual obligation. It was an issuable fact subject to be proved and disproved. In several cases, it is held that a petition not averring when every material, traversable fact transpired is subject to special demurrer. *Bond v. Central Bank of Ga.,* 2 Ga. 92 (1); *City Council of Augusta v. Marks,* 124 Ga. 365 (52 SE 539); *Warren v. Powell,* 122 Ga. 4 (49 SE 730). There is no question that it was error to overrule this ground of demurrer, and on this ground alone the judgment must be reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*