## 39391. BEALE v. GRIMSLEY.

RUSSELL, Judge. 1. The defendant in error has filed a motion to dismiss the bill of exceptions, based on the rule of law as set out in *Albany Federal Savings &c. Assn. v. Henderson*, 198 Ga. 116 (1) (31 SE2d 20). Since the judgment in this case was as a matter of fact included in the record, and since also the verdict was in fact a general verdict, and defendant in error so denominates it in his brief in the main case, the motion to dismiss the bill of exceptions is without merit.

2. The office of a suggestion of diminution of record under *Code* § 6-812 is to perfect the record in this court so that it may correspond with the original on file in the office of the trial court; and where there is no averment that the material requested to be brought up has in fact been filed in the office of the clerk of the trial court, the suggestion of diminution of record is too incomplete for consideration. *Fuller v. Fuller*, 197 Ga. 719 (1) (30 SE2d 600). Nor can such material, even if filed in the trial court, have the effect of giving vitality to special grounds of a motion for new trial which the trial judge has refused to certify as true. *Clifton v. State*, 187 Ga. 502 (2) (2 SE2d 102). The exhibits attached to the suggestion of diminution of record here are copies of a "contention" of the appellant and a request to charge also by the appellant. The clerk of court does not in his certificate state that either is on file and a part of the record of the case in his office. The papers in question relate to special grounds of a motion for new trial which the trial court refused to approve. Accordingly, the motion for diminution of record is denied.

3. When this case was previously before this court on the issue of excessiveness of the value of certain real estate set aside to a widow as year's support, this court held in *Beale v. Grimsley*, 94 Ga. App. 891 (2) (96 SE2d 615): "It was the duty of the jury, if it found that the land set aside by the appraisers for the year's support was worth materially more than $1,800, to amend, or correct, the return of the appraisers, under proper instructions of the court, so as to award the widow a year's support in the amount of $1,800, which it was stipulated that she was entitled to as a year's support." The same stipulation appears upon this second trial of the case, and thus limited the issue for jury consideration to the sole question of whether the property set aside for her was worth materially more

than $1,800. *Evans v. Thompson*, 143 Ga. 61 (84 SE 128). The evidence on the second trial being substantially the same as on the first trial, this ruling is the law of the case. *Taylor v. Felder*, 11 Ga. App. 742 (76 SE 75); *Gray v. Payne*, 27 Ga. App. 553 (109 SE 179). Several witnesses testified the land was worth slightly less than $1,800, and the verdict is accordingly supported by the evidence. The general grounds of the motion for a new trial are without merit.

4. The special grounds of the motion for a new trial contend that certain portions of the charge of the court were error because in conflict with the stipulation that the widow was entitled to only $1,800 and because the charge as construed by plaintiff in error would not allow the jury to set the award of the appraisers aside, even though they might believe the real property awarded the plaintiff was worth more than $1,800.

The judge in his charge submitted to the jury the special question: "Is the real estate in question worth more than $1,800?", to which question it made the answer, "No." It follows that any error in the charge relating to what the jury might do if they found a different valuation from that placed on the property by the appraisers becomes immaterial, as this was an issue not reached by the jury in its determination.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED APRIL 3, 1962—REHEARING DENIED APRIL 10, 1962.

*E. B. Shaw, P. C. King, Jr.*, for plaintiff in error.
*Stone & Stone, W. L. Stone*, contra.