39995. TRAVELERS INSURANCE COMPANY v. ANSLEY.

BELL, Judge. Where an insurance agency contract provides that any cash advances made to the agent are to be repaid from premiums earned by the agent and, thereafter, by 61 separate signed receipts the agent agreed to repay on demand the advances made, these 61 signed receipts constituted an express or implied promise by the agent to repay any excess of advances over the commissions earned. *Smith v. Franklin Printing Co.*, 54 Ga. App. 385 (2) (187 SE 904); *Valdosta Roofing &c. Co. v. Lawrence*, 89 Ga. App. 168 (79 SE2d 10); and *Wilson v. Naumann*, 87 Ga. App. 824 (75 SE2d 295). The signed receipts constituted valid changes or modifications of the original agreement. *McGregor v. Bensinger Self-Adding Register Co.*, 86 Ga. 439 (12 SE 683); and see *Wilson v. Naumann*, 88 Ga. App. 782 (77 SE2d 756); *Hewlett v. Almand*, 25 Ga. App. 346 (103 SE 173); *Elyea-Austell Co. v. Jackson Garage*, 13 Ga. App. 182 (79 SE 38); 12 Am. Jur. 983, Contracts, § 405.

No evidence appears in the record disputing the signing of any of the receipts nor is there any other evidence subsequent to them showing any mutual modification of their clear meaning. The language of the writings is clear and unambiguous and is subject only to the construction that it effectuated express promises by the agent to repay to the company any excess of advances over the commissions earned. *Code* § 20-701.

There being nothing in the record to the contrary, and the contracts being subject only to the construction stated, the evidence did not authorize a finding for the defendant but demanded a judgment in some amount for the plaintiff.

The judgment of the trial court overruling the motion for new trial on the general grounds is

*Reversed. Carlisle, P. J., and Hall, J., concur.*

DECIDED APRIL 4, 1963.

*Greene, Neely, Buckley & DeRieux, James H. Moore,* for plaintiff in error.

*E. T. Hendon, Jr.,* contra.