## 41301. TRAVELERS INSURANCE COMPANY v. ANSLEY.

RUSSELL, Judge. ■ A decision of an appellate court based on evidence adduced on the trial of a case becomes the law of the case as to the effect of the same or substantially identical facts on another trial. *Scott v. Sanders,* 27 Ga. App. 128 (107 SE 494); *New York Life Ins. Co. v. Ittner,* 62 Ga. App. 31 (8 SE2d 582); *Beale v. Grimsley,* 105 Ga. App. 733 (125 SE2d 554). Under the decision on the first appearance of this case (s.c., 107 Ga. App. 586, 130 SE2d 808) it was adjudicated that the assignment contract and the 61 receipts signed by an insurance salesman for advances made against earned premiums "is subject only to the construction that it effectuated express promises by the agent to repay to the company any excess of advances over the commissions earned."
■ On the second trial it appeared that Fowler, manager of the plaintiff's agency in Atlanta prepared the assignment contract and the defendant signed it, as the defendant testified, on or before he went to work with the company. Fowler stated, "It had been authorized in Hartford. I could only prepare the file and send it to Hartford with recommendation that

advance be made. I had no authority to make it myself . . . Mr. Ansley was told that . . . I would recommend that an advance be made to him." Subsequently, 61 advances were made and on each occasion the defendant gave a receipt agreeing to repay the unpaid balance on demand. The court again entered judgment in favor of the defendant for the reasons (1) that the promise contained in the receipts was *nudum pactum,* and (2) that Fowler, the plaintiff's local agent, had no authority to execute the agreement and obtain the receipts except upon authorization from the home office. The first of these issues was decided against the plaintiff on the former trial. As to the second, Fowler did have authority from the home office to make advances, the advances were made by him and the home office ratified the ensuing contracts by suing on them. *Wilson v. Ward,* 149 Ga. 325, 329 (100 SE 205). One acts as agent for another whenever the principal ratifies the acts done on his behalf. *Code* § 4-101. Since it has been held by this court that the receipts constituted a valid modification of the original contract, and since, whether or not Fowler had authority from the plaintiff in the first instance, the plaintiff ratified the act by suing on the express promises to repay on demand, the plaintiff was entitled to judgment in whatever amount the evidence showed to be owing on the advances made.

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. Felton, C. J., and Jordan, J., concur.*

SUBMITTED MAY 3, 1965—DECIDED MAY 27, 1965—
REHEARING DENIED JUNE 8, 1965.

*Greene, Neely, Buckley & DeRieux, James H. Moore,* for plaintiff in error.

*E. T. Hendon, Jr.,* contra.