### 41438. NATIONWIDE MUTUAL INSURANCE COMPANY v. TEAL.

DEEN, Judge. 1. An express agreement on the part of an employee to repay the amount of advances made by the employer against commissions to be earned, in the event that commissions retained are less than the amounts so advanced, is valid and binding upon the recipient. *Wilson v. Naumann*, 87 Ga. App. 824 (75 SE2d 295); *Travelers Ins. Co. v. Ansley*, 107 Ga. App. 586 (130 SE2d 808).

2. "A contract signed by one of the parties only, but accepted and acted on by the other party to it, may be just as binding as if it were signed by both parties, if the obligations of the parties are mutual." *Hudson v. State*, 14 Ga. App. 490 (1) (81 SE 362); *Silvey v. Wynn*, 102 Ga. App. 283 (1) (115 SE2d 774).

3. "Copies of contracts, obligations to pay, or other writings should be incorporated in or attached to the petition in all cases in which they constitute the cause of action, or the relief prayed for must be based thereon." *Code* § 81-105. Where, however, although a contract or other document is mentioned in the instrument sued upon, but does not constitute the cause of action, and no prayer for relief is based thereon, the fact that such document is not attached to the petition as an exhibit does not open the pleadings to demurrer. *Heyward v. Ramsey*, 35 Ga. App. 472 (3) (134 SE 119); *Finn v. Carden*, 100 Ga. App. 270, 273 (110 SE2d 693).

4. The plaintiff corporation sued the defendant for sums due because of advances of funds against commissions, pursuant to a contract signed by the defendant and accepted and acted upon by the plaintiff which stated in part: "I hereby request that I be put on the Career Agents Financing Plan of the Companies, which Plan provides for a method whereby I may draw advances against any mortgage loan commissions which may become due me . . . under my Agent's Agree-

ment . . . It is my understanding, among other things, under the Plan: that all mortgage loan commissions and all compensation now due or which may become due me as an agent for the Companies shall be withheld and applied against the advances made to me under the Plan; and that any amount advanced under the Plan is a debt due from me to the Companies, and I hereby agree to repay to the Companies any excess of advances over such commissions and Compensation due me as an agent, irrespective of whether my Agent's Agreement is terminated." Exhibit B sets out advances made and commissions paid to the defendant while she was an employee of the plaintiff, showing an excess of advances made over commissions withheld in the amount of $2,001.02.

As against general demurrer the petition set out a cause of action, and the trial court erred in entering a judgment of dismissal.

*Judgment reversed. Felton, C. J., and Jordan, J., concur.*

Submitted July 8, 1965—Decided September 9, 1965.

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr.,* for plaintiff in error.