## 43802. TRAVELERS INSURANCE COMPANY v. JOHNSON.

FELTON, Chief Judge. 1. The petition (claim) set forth a cause of action (stated a claim) for cash advances made to the agent by the insurance company. See *Travelers Ins. Co. v. Ansley,* 107 Ga. App. 586 (130 SE2d 808); s. c., 111 Ga. App. 784 (143 SE2d 422); *Nationwide Mut. Ins. Co. v. Teal,* 112 Ga. App. 236 (144 SE2d 567).

2. Although the defendant failed to amend his answer denying material allegations of the petition following the court's sustaining of the plaintiff's demurrers to the answer with leave to amend, the court did not err in failing to grant the plaintiff's motion for judgment on the pleadings, made after the subsequent effective date of the Civil Practice Act, for the reason that the answer neither admitted nor denied the allegations in Paragraph 5 of the petition as to defendant's repayment of a certain sum, leaving the issue of the amount due to be resolved. Moreover, this ruling is in accordance with principles of the C.P.A., to wit: demurrers to answers are not normally allowed (*Code Ann.* § 81A-107 (a), (c); Ga. L. 1966, pp. 609, 618, as amended), averments in a pleading as to the amount of damage are not admitted when not denied in the responsive pleading (*Code Ann.* § 81A-108 (d); Ibid, p. 619), and cases should generally be tried on

proofs rather than on pleadings. Johnson v. Metropolitan Life Ins. Co., (D. C. Pa.), 4 F. R. D. 294.

3. The court erred in its judgment treating the plaintiff's motion for judgment on the pleadings as a motion for summary judgment, pursuant to *Code Ann.* § 81A-112(c) (Ga. L. 1966, pp. 609, 622, as amended), because there was presented to the court no extra-pleading matter, which must be by deposition, admission or affidavit. Sardo v. McGrath, 196 F2d 20 (90 App. D. C. 195).

4. No ruling can be made on the judgment of the trial court excluding from evidence certain business records tendered by the plaintiff, which are not in the record on appeal and were certified as not of file in the office of the trial court clerk. Likewise, in the absence of such evidence in the record, the judgment of the court granting the defendant's motion for nonsuit as to amounts over $1,300 cannot be reviewed. As the case is to be retried, this judgment is reversed without prejudice.

5. The court erred in the judgment appealed from, granting the defendant's motion to dismiss, because the pleadings and the evidence demand the finding that the plaintiff was entitled to a judgment in some amount.

*Judgments reversed. Eberhardt and Whitman, JJ., concur.*

ARGUED JULY 1, 1968—DECIDED NOVEMBER 7, 1968.

*Greene, Buckley, DeRieux, Moore & Jones, Edgar A. Neely, III,* for appellant.