26224.   COCHRAN et al. v. EASON er al.

ARGUED DECEMBER 15, 1970—DECIDED FEBRUARY 15, 1971—
REHEARING DENIED MARCH 4, 1971.

*Holcomb & McDuff, Robert E. McDuff, Frank D. Holcomb,* for appellants.

*Ingram, Flournoy & Downey, Conley Ingram, J. L. Gray, Ferdinand Buckley, William E. Otwell,* for appellees.

GRICE, Justice. This appeal is from an order making a proposed family settlement agreement the judgment of the court, subject to certain exceptions and conditions imposed thereby. The parties to the agreement were the heirs at law of W. M. Eason, who died in 1928, and whose will was probated in 1929.

The proposed agreement grew out of a suit for equitable partition filed in the Superior Court of Cobb County in 1968 by Harold Eason and certain other heirs of W. M. Eason, against Mrs. E. M. (Pauline) Brown and other heirs of W. M. Eason, and also against Charles A. Eason and other heirs of W. M. Eason. It is not neces-

sary to recite the allegations of the complaint. Its relief sought essentially the sale of certain described real property, in accordance with the will of W. M. Eason, and an accounting by his administrators.

Following the filing of other pleadings and the denial of certain motions, likewise not required to be stated here, the trial court set the case for trial.

However, in the meantime an order was entered which recited in material part that, "It being made to appear to the court that the parties have heretofore authorized their respective attorneys to settle the issues in this family dispute estate case as provided in the attached agreement, and it now being represented to the court that one or more of the parties will not sign said agreement to effectuate the settlement . . ."; it then required the parties to show cause at a specific time and date "why said agreement should not be made the final judgment of the court in this case."

Upon such hearing, the trial court entered an order providing substantially as follows: that the settlement agreement be made the decree of the court subject to the following exceptions and conditions; (1) that the receivers not incur any obligation for real estate commissions except by prior approval of the court; (2) that notice of sale of the property be advertised in stated particulars; (3) that no sale thereof be approved except upon further hearing after notice; and (4) that the question of what, if any, administrator's commissions to be paid were to be determined by the court after further hearings.

1. Upon this appeal from that order, the appellants, who are Mrs. Brown and those comprising that group, take the position that since the proposed agreement was not signed by them there was no assent to it, that is, no meeting of the minds as to its essential terms; and therefore the agreement should not have been approved in the trial court's order.

In this connection, the appellants rely upon the following provision: ". . . and this agreement shall be binding on all the parties hereto, their heirs, successors and assigns when each of the parties hereto shall have signed one of the counterpart originals of this agreement."

We cannot agree with appellants' position.

Even assuming that the foregoing language should ordinarily be construed to require such signatures in order to be binding, that was not necessary under the circumstances here.

It is significant that preceding the language just quoted, the proposed agreement provides in the same paragraph that the attorneys for the respective parties "have approved the aforesaid agreement, initialing each page thereof." This, when considered with other facts, is some evidence of assent to the terms of the agreement.

Assent is also manifest from what transpired at the hearing upon the rule nisi to show cause why the agreement should not be made the final order of the court. Counsel for appellants, after expressing views with reference to receivers and administrators' commissions, stated to the court, "Those are the suggestions that we would have, and with those changes to the order, I am advised by my clients that the order would be agreeable to each of our clients." No party denied the authority of counsel to act for him. No evidence whatsoever was introduced as to disapproval. Counsel for appellants was apparently in full agreement with the basic terms of the agreement itself, and made suggestions as to certain procedural matters to effectuate it, but did not seek to reject it.

Most of the matters he was insisting upon were either covered by the agreement itself or were provided for in the court's order making them exceptions or conditions, as heretofore recited. The remaining matters urged by appellants' counsel related to appointment of receivers and their duties, which were matters within the discretion of the court and not the subject of agreement of the parties. See *Code* §§ 55-307, 55-309.

Assent to the terms of a contract may be given other than by signatures. *Taylor v. Taylor,* 217 Ga. 20, 23 (120 SE2d 874); *Silvey v. Wynn,* 102 Ga. App. 283 (115 SE2d 774).

The following quotation aptly covers what transpired at the hearing: "Where counsel appear for parties before the court, and there is no question as to their authority for making such appearance and acting in behalf of the parties, all that counsel do before the court is binding upon their clients, especially when such action on the part of counsel leads to judgments and orders of the court. Such orders will not be set aside at the instance of clients

upon the ground that their counsel had no authority to agree thereto." *Perkerson v. Reams,* 84 Ga. 298, 299 (10 SE 624).

2. Appellants' contention that no evidence was introduced to justify the trial court's order cannot be sustained. The transcript shows that all counsel were given repeated opportunity to submit their clients' positions as to the court order then under consideration. They made no request to offer any evidence. Furthermore, the acts of counsel in previously approving the proposed agreement and the events which transpired at the hearing, as above indicated, authorized the entry of the order.

We find no error.

*Judgment affirmed. All the Justices concur.*