## A89A0689. CHARANIA v. RAMADA INNS, INC.
(383 SE2d 603)

BIRDSONG, Judge.

Ramada Inns, Inc., sued Firoz Charania for default and infringement on a franchise agreement and on a personal guaranty of payment of franchise fees. He gave his formal guaranty, reciting that he did so "as an inducement" to Ramada to grant him the Ramada franchise rights of the hotel at Six Flags Over Georgia.

In the normal course, Ramada deemed the agreement to be temporary until it approved Charania's application or until the agreement was sooner terminated for other reasons such as failure to adhere to Ramada's standards of operation. Charania operated the hotel as Ramada Inn from March 1986, until October 1986, which Ramada calls "the busiest season of the year" at the Six Flags amusement park. In the meantime in April, a corporation, Esmail International, Inc., had bought the hotel real estate. Charania used the name, trademark and signage of Ramada Inn even after the franchise agreement was terminated by Ramada for Charania's failure to pay fees. He has never paid for his use of the Ramada Inn franchise and trademark.

The jury returned a verdict for Ramada for $124,339.16 damages (fees) accrued before termination of the franchise and $5,351.67 damages for infringement after termination, plus attorney fees of $25,000. On appeal, Charania contends only that the trial court erred in denying him, individually, a directed verdict. *Held*:

Charania argues that there "never was a contract" because Ramada never signed the instrument and the franchise application.

Charania admits without qualification that he personally signed the agreement (for franchise use) and guaranty on March 20, 1986. By this agreement he had use of Ramada franchise privileges for more than six months until his failure to pay fees and adhere to Ramada standards caused Ramada to terminate the franchise on September 10, 1986.

Charania is in the insupportable position of contending "no agreement existed," while claiming all advantage of an executed agreement which he signed and for which he gave a guaranty "as an inducement." The operative maxim here is that to be enforceable a contract must be signed by the party sought to be bound. See *Nationwide Mut. Ins. Co. v. Teal*, 112 Ga. App. 236 (144 SE2d 567). Ramada assented to the contract and fully performed its obligations by allowing use of its franchise rights, trade name and trademarks. See *Cooper v. G. E. Constr. Co.*, 116 Ga. App. 690 (158 SE2d 305). Enforcement of the agreement against Ramada is not in issue. The party sought to be bound is Charania. He did sign the agreement and guaranty. There was every essential and requisite of a valid contract for his use of franchise. See OCGA § 13-3-1; *Cooper*, supra.

Although Charania calls the document just a "photocopy" of the permanent franchise agreement for which he sought approval, which copy was mailed to him "just so there [would] be no misunderstanding as to what will be entered into," it was clearly a grant of franchise privilege which Charania, after signing a guaranty which stated that it was given "as an inducement," then proceeded to use. A May 9, 1986 letter to the Esmail Corporation from Ramada, giving temporary franchise license to the corporation (which now owned the property) does not alter Charania's obligation, for it did not substitute the corporation as franchisee and relieve Charania. It certainly did not prevent Charania's taking full advantage of the franchise. Indeed, when this lawsuit was filed in October 1986, Charania was still using Ramada signage and trademarks, even though Ramada had notified him in September that the franchise agreement was terminated. The fact that it was terminated is certainly no reason to say it never existed, as Charania speciously suggests.

As for Charania's liability on his signed guaranty, even if he signed it on behalf of and for use of another suggested principal (the corporation, Esmail), see OCGA § 10-7-1, he is principally and primarily liable on this guaranty as bound debtor, and not merely as surety for someone else.

We find no argument of merit in this appeal. Charania contends someone else (the corporation Esmail) owes something to Ramada, and that may be; but he owes as well, primarily and as principal. The verdict of the jury reflected the true position of the parties; Charania was not, as he claims, entitled to be personally excused from the suit

by directed verdict.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JUNE 20, 1989.

Simmons, Ballard & Thompson, Steven H. Ballard, for appellant.

Harmon, Smith & Bridges, Nolan B. Harmon, Marlan B. Wilbanks, for appellee.